HARDY, Judge.
This is an action by plaintiff for the recovery of damages for personal injuries and medical expenses resulting from an automobile collision in which plaintiff’s car was struck from the rear by an automobile owned and driven by William G. Ashley. Plaintiffs original petition named Ashley ■ and his insurer, Marquette Casualty Company, as defendants. Pursuant to motion of the State Insurance Commissioner proceedings against Marquette, which was shown to be an insurance company in rehabilitation, were stayed. Plaintiff then filed an amended petition naming her automobile liability insurer, Milwaukee Insurance Company, as defendant and praying for judgment against said insurer responsive to the uninsured motorist provision of the policy. Milwaukee filed an answer in the nature of a general denial, coupled with a third party claim against William G. Ashley.
*203 Defendant Ashley has never been served with process in this suit and Marquette has been eliminated as a party. Therefore, the only parties before this Court are plaintiff and Milwaukee Insurance Company, the defendant.
Judgment was rendered in favor of plaintiff in the principal sum of $400.00, representing an allowance of $250 for personal injuries and $150.00 for incurred medical expenses, and from this judgment plaintiff has appealed, seeking an increase in the amount of the judgment.
Counsel for defendant having conceded Ashley’s negligence, the only question presented by this appeal relates to the quantum of damages.
Following trial of the case the district judge dictated his reasons for judgment which were transcribed and constitute a part of the record before us.
Plaintiff contends that she suffered serious and painful injuries in the nature of a cerebral concussion, a cervical sprain and numerous contusions and 'sprains of the shoulder, back, legs and body, as the result of which she testified she was still suffering pain and discomfort at the time of trial almost eighteen months following the accident.
The pertinent facts are that plaintiff made no complaints of pain to the Investigating Officer of the Shreveport Police Department immediately following the accident, but after reporting for work, upon the suggestion of her fiance, she consulted Dr. J. Richard Brown, who made a physical examination, including x-rays, and prescribed a muscle relaxant. A few days later —again in response to the suggestion of her fiance—plaintiff consulted another physician, Dr. James W. Tucker, who was the only medical expert to testify on trial of the case. According to Dr. Tucker’s testimony he first examined plaintiff on August 21, 1964, and found her to be suffering from multiple injuries which he described as a mild cerebral concussion, a severe cervical dorsal sprain, sprain of the right shoulder joint, contusion of the latis-simus dorsimuscle and pectoralis major muscle with hematoma to the lumbosacral area and sprain of the right knee. The testimony of this witness was somewhat vague and uncertain as to further examination of plaintiff, but it appears she returned about August 28th and advised that she had obtained considerable relief; was next seen on December 7, 1964, and for the last time on November 22, 1965. Plaintiff was never hospitalized nor was she referred to an orthopedic specialist for consultation or treatment.
It is clear from reading the statement of reasons for judgment assigned by the district judge that he seriously questioned the credibility of the testimony of' plaintiff and of her attending physician. In fact, it is obvious that the trial judge' rejected the testimony of these witnesses as to the serious nature of plaintiff’s in-' juries, concluded that plaintiff’s injuries were of a minimal degree and that the' charges of $186.00 made by her doctor for services rendered were excessive.
After study of the record before us we are unable to conclude that therq is any material error in the judgment appealed from. The testimony of plaintiff was vague, inconsistent and unconvincing. The testimony of the medical witness likewise appears to be unreasonable and grossly ex-; aggerated.
It is noted that plaintiff sought a new trial and here' insists that additional medical evidence supporting plaintiff’s claims could be produced on retrial of this' case. However, there is no indication that this supporting medical evidence could not have been produced on original trial, and, accordingly, we are unable to discern any good reason why plaintiff should be accorded a second opportunity to adduce evidence which was susceptible of procurement and admission on original trial.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.