■ INELL PETTY et al., Respondents, v JEROME H. FIELD, Appellant, et al., Respondent. — In a proceeding pursuant to section 475 of the Judiciary Law, Jerome H. Field appeals from an order of the Supreme Court, Queens County

(Bambrick, J.), dated February 15, 1983, which denied his claim to a charging lien upon the proceeds of a settlement between petitioners and respondent GEICO Insurance Company. Order reversed, with costs, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith. Jerome H. Field and Inell Petty entered into a contingency retainer agreement on September 29, 1981. The agreement authorized Field, as attorney, to institute an action against respondent GEICO Insurance Co. (GEICO) for recovery of insurance proceeds due as a result of a fire loss sustained to her residence which she owned jointly with her ex-husband, Lovely Petty. By the terms of the retainer agreement, Field was entitled to receive one third of any sum recovered against GEICO. Field instituted a suit on behalf of both Inell Petty and Lovely Petty by service of a summons with notice upon GEICO on or about October 1, 1981. A few days later, Inell Petty contacted Field and informed him that she was discharging Field as her attorney. Petitioners thereafter reached a settlement with GEICO for $15,955.75 in satisfaction of their insurance claim. We agree with Special Term's finding that while Field was authorized to institute an action on Inell Petty's behalf against GEICO, he was not similarly authorized to represent Lovely Petty. Accordingly, Field may not recover against Lovely Petty for legal services rendered in said action. Special Term erred, however, in finding that Field did not possess a charging lien for legal services he rendered on Inell Petty's behalf. It is well established that an attorney-client retainer agreement entered into in anticipation of expected litigation is a unique contract in that the client is entitled to terminate it with or without cause at any time. Where, as in this case, the termination is without cause, the attorney is entitled to recover the reasonable value of the services he rendered prior to his discharge (see *Martin v Camp*, 219 NY 170; *Lurie v New Amsterdam Cas. Co.*, 270 NY 379; *Prial v Supreme Ct. Uniformed Officers Assn.*, 91 Misc 2d 115). Accordingly, while Field may not recover damages for breach of the retainer agreement, he is entitled to recovery based upon *quantum meruit* (see *Martin v Camp, supra*). Accordingly, we remit this matter for a further hearing to determine the extent and value of the services rendered by Field prior to his discharge. In this regard, we note that Field's charging lien would only be operative against Inell Petty's interest in the settlement proceeds. We further find that Field was not wrongfully denied his right to a jury trial since he failed to formally request the same in the instant proceedings. In any event, Field's continued participation in the hearing without objection constituted a waiver of a jury trial. O'Connor, J. P., Weinstein, Bracken and Niehoff, JJ., concur.