472 So.2d 861 (1985)
Olga GONZALEZ, Appellant,
v.
TOTALBANK, Appellee.
No. 84-2522.
District Court of Appeal of Florida, Third District.
July 16, 1985.
*863 Harold M. Braxton and Patricia Ann Ash, Miami, for appellant.
Salley, Barns, Pajon, Guttman & Del Valle and William E. Davis, Miami, for appellee.
Before HENDRY, NESBITT and BASKIN, JJ.
NESBITT, Judge.
Gonzalez appeals an order denying her motion to set aside a final default judgment. We reverse.
In February 1981, Totalbank sued Olga Gonzalez, her husband and others for breach of a written personal guarantee of payment on a promissory note. The certificate of service with regard to Olga Gonzalez indicated service on "Jane Doe[,] person residing therein," at 9945 S.W. 64 Street, Miami, Florida on February 18, 1981.
Mr. Gonzalez obtained the services of an attorney, Arnold Lieberman, who entered an appearance on behalf of Mr. and Mrs. Gonzalez by filing an answer and affirmative defenses. On April 22, 1982, the lower court granted Lieberman's motion to withdraw on grounds of lack of communication with his clients. The court directed that all future pleadings be forwarded to the Gonzalezes at 19300 S.W. 194 Avenue, Miami, an address provided by Lieberman. On November 18, 1982, on Totalbank's motion, the trial court entered an order granting summary final judgment and final judgment by default.
In November 1983, an attorney handling the sale of a house for Olga discovered the Totalbank judgment. On December 12, 1983, Olga filed a motion to vacate the default and set aside the final judgment. As grounds, she stated that she was never properly served, had no knowledge of the action until November 1983 and had a meritorious defense.
At the hearing on the motion to vacate, which was denied, the process server testified that he recalled serving the process on a rainy day and speaking to a woman through a window, which made identification difficult. He could not identify Olga Gonzalez as the woman he served. He did state that he would not have served the summons and complaint unless he had received some indication that Mr. and Mrs. Gonzalez were residing at that address.
Olga testified that she and her husband were separated in June 1980 and divorced in May 1983; that on the date of service she was residing in the Florida Keys and another woman was residing with her husband at the address of service; that she first found out about the lawsuit in November 1983; and that she had never spoken with attorney Lieberman.
Arnold Lieberman testified that his services were obtained by Mr. Gonzalez and that he never met or spoke with Olga during the course of his representation.
Olga Gonzalez contends that the trial court erred in denying her motion to vacate because the judgment is void by virtue of the trial court never obtaining jurisdiction over her person. Totalbank defends the trial court's ruling by arguing that (a) Olga failed to present the clear and convincing evidence necessary to overcome the presumption of validity of service which arises from evidence of a return of service; and (b) that even if the service was defective, Olga waived any objection by virtue of Mr. Lieberman's appearance on her behalf. We find Totalbank's arguments to be legally infirm.
In this case, service was made under section 48.031, Florida Statutes (1979) by attempting to deliver the summons and complaint to Olga Gonzalez at her "usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Section 48.21, Florida Statutes (1979) requires those serving process to record, among other things, the manner of execution of the process and the name of the person served. A failure to record those facts invalidates the service, unless it is amended. § 48.21, Fla. Stat. (1979); see also Herskowitz v. Schwarz & Schiffrin, 411 So.2d 1359 (Fla. 3d DCA 1982) (statutes governing substituted service of process *864 must be strictly complied with and strictly construed).
The return here did not reflect the name of the person served, merely indicating that a Jane Doe was served. With regard to the manner of execution, there is no indication that the person served was over 15 years old. Consequently, under section 48.21 and the cases which strictly construe substituted service provisions, the return of service was defective and the service was invalid. In fact, the service here parallels that in Herskowitz where this court found non-compliance with section 48.031 and, in effect, reversed an order denying a motion to quash service of process. See also Tamayo v. Caballero, 413 So.2d 78 (Fla. 3d DCA 1982).
The presumption which Totalbank attempts to rely on arises only when the return of service is regular. Klosenski v. Flaherty, 116 So.2d 767, 769 (Fla. 1959). Where, as here, the return is defective on its face, it cannot be relied on as evidence of the court's jurisdiction and, absent proof that valid service has been made, a default judgment based on such a return should be set aside. Klosenski.
The question, then, becomes whether proof of valid service was produced.[1] The answer is clearly in the negative. It was uncontradicted that at the time of service Olga Gonzalez was residing in the Keys so that the address at which service was made was not her "usual place of abode." In addition, there was no evidence establishing (a) who the person served was, (b) whether that person was over fifteen years of age, (c) whether that person resided at the address of service, and (d) whether that person was informed of the contents of the documents. Absent proof of valid service, the trial court was without jurisdiction over the person of Olga Gonzalez. Therefore, unless any objection to personal jurisdiction was waived, the judgment is void.
That, of course, brings us to Totalbank's second argument in support of the trial court's order; that is, that any objection to lack of personal jurisdiction was waived by Mr. Lieberman's general appearance on behalf of Olga Gonzalez. We disagree.
Olga Gonzalez testified that she never engaged Mr. Lieberman's services and never met or spoke with him during the period of time he allegedly represented her. That testimony was corroborated by the testimony and affidavit of Lieberman, who indicated that Mr. Gonzalez retained his services and that he never met or spoke with Olga Gonzalez during his period of representation. An attorney is not authorized to represent any person without the consent of that person or someone with authority to represent that person. Broyles v. Califano, 495 F. Supp. 4 (E.D. Tenn. 1980) (on motion for relief from judgment); Colonial Press, Inc. v. Sanders, 264 So.2d 92 (Fla. 3d DCA), cert. denied, 268 So.2d 904 (Fla. 1972).[2] Olga Gonzalez not only never consented to Lieberman's representation, but was never even aware of it. We will not presume that Mr. Gonzalez had the authority to act as Olga's agent *865 in obtaining representation for her. See Gentry v. Hill, 57 N.C. App. 151, 290 S.E.2d 777 (Ct.App. 1982) (no presumption arises from mere fact of marriage that one spouse is acting as the agent of another, and an attorney acting on behalf of the husband was not authorized to permit entry of summary judgment against the wife); see also Petty v. Field, 97 A.D.2d 538, 467 N.Y.S.2d 898 (App.Div. 1983) (where ex-wife entered into agreement with attorney to secure recovery of insurance proceeds, the attorney was not authorized to represent the ex-husband), appeal dismissed, 61 N.Y.2d 902, 462 N.E.2d 1201, 474 N.Y.S.2d 483 (1984); NRK Management Corp. v. Donahue, 109 Misc.2d 601, 440 N.Y.S.2d 524 (Civ.Ct. 1981) (daughter's attorney was not authorized to represent the daughter's mother and the mother's husband in moving to dismiss). Since Lieberman was without authority to act on behalf of Olga Gonzalez, his appearance cannot be deemed a waiver of any objection to the defective service. Accordingly, the final default judgment is void for lack of jurisdiction and the motion to vacate the default and set aside the final judgment should have been granted.[3]
Reversed.
NOTES
[1] When the return of service is regular on its face, the party challenging the service has the burden of overcoming the presumption of its validity by presenting clear and convincing evidence. Slomowitz v. Walker, 429 So.2d 797 (Fla. 4th DCA 1983); Winky's, Inc. v. Francis, 229 So.2d 903 (Fla. 3d DCA 1969). On the other hand, when, as in this case, the challenging party makes a prima facie showing that the return is defective, then the burden shifts to the person acting under the substituted service provision to prove valid service. George Fischer, Ltd. v. Plastiline, Inc., 379 So.2d 697 (Fla. 2d DCA 1980).
[2] We wish to emphasize for the benefit of the bar that representing someone without their consent is clearly improper. It deprives the "client," at least initially, of the freedom to choose counsel. In cases like the present one, it makes it virtually impossible for counsel to determine if there is some conflict between the multiple clients he purports to represent which might necessitate some action on his part. See Fla. Bar Code Prof.Resp., D.R. 5-105(B). In situations like the one at bar, where the attorney has no contact with the client whatsoever, it makes it difficult to adhere to ethical considerations designed to allow a client to make informed choices. See Fla. Bar Code Prof.Resp., E.C. 7-8. And, finally, it may expose counsel to liability for any damage caused the "client" by his or her unauthorized acts. See 7A C.J.S. Attorney & Client § 235 (1980).
[3] The motion was made more than one year after judgment, which is permissible where the ground asserted is that the judgment is void. Fla.R.Civ.P. 1.540(b); DeClaire v. Yohanan, 453 So.2d 375, 379 (Fla. 1984).