## TUTAS v STRAMONDO
### Case No. CO85-5311
County Court, Orange County

March 6, 1987

**APPEARANCES OF COUNSEL**

**John C. Englehardt** for plaintiff.

**Gus Benitez** for defendant.

### OPINION OF THE COURT

JAMES C. HAUSER, County Judge.

This cause came before this court on February 16, 1987 on defendant's motion to vacate the final judgment which was rendered on March 3, 1986. Defendant contends the defendant was never properly served and therefore this court never had jurisdiction over the person.

### *FACTS*

The court file reflects that the defendant Vito Stramondo was served

with process on November 19, 1985 by D. P. Brunett. Vito Stramondo testified under oath he did not receive the process. He swore he knew Mr. Brunett because he has since been served by Mr. Brunett numerous times. Mr. Gus Benitez, attorney for the defendant, testified he spoke to Mr. Brunett who stated he gave the process to someone who was driving a Corvette. Vito Stramondo testified his son drove a Corvette, but his son did not live with him at the time the process was served. Vito Stramondo denied he ever drove a Corvette. Significantly Mr. Stramondo's son did not testify.

On the other hand Mr. Brunett swore he personally served Vito Stramondo. He claims Vito Stramondo identified himself when he gave him the process. He admitted he may have erred when he informed Mr. Benitez the person he served on November 19, 1985 was driving a Corvette.

## STATEMENT OF LAW

In order to have the judgment overturned the defendant must prove by *clear and convincing* evidence that he was not the individual who was served.[1] Public policy requires that a sheriff's return of service be held presumptively valid. Process servers serve numerous papers and over time, one would expect their memory to be dim as to whom was served. It is not enough for a defendant to deny receiving the process because if that was the only proof necessary it would create chaos in the judicial system. Had Mr. Stramondo's son testified he was the one who had received the process, this court might have found that evidence to have been sufficiently clear and convincing to overturn the judgment.

The court finds the cases cited by Mr. Benitez do not apply to the case at bar. In *Magurie v. Schultz*, 426 So.2d 1303 (Fla. 2d DCA 1983) the defendant testified at the hearing to set aside the final judgment that he was not served with process. However, unlike the case at bar, the person who served the process did not testify. In *McIntosh v. Wibbeler*, 106 So.2d 195 (Fla. 1958) the process server testified he did not remember serving the defendant.[2] In *Gonzalez v. Totalbank*, 472 So.2d 861 (Fla. 3d DCA 1985) the process server could not positively identify the person he supposedly served.

---

[1] *Clements Navel Store Co.v. B. Betts Co.*, 95 So.2d 126 (Fla. 1923); *Golden Gate Development Co. v. Ritchie*, 191 So.2d 202 (Fla. 1939); *Slomowitz v. Walker*, 429 So.2d 797 (Fla. 4th DCA 1983).

[2] In the case at bar the deputy positively identified Vito Stramondo as the person he served on November 19, 1985.

8

Based on the foregoing the court denies the defendant's motion to vacate the final judgment.

Done and Ordered this 6th day of March, 1987.