516 So.2d 84 (1987)
Clara Lane JOHNSTON, Appellant,
v.
Rose HALLIDAY and Charles Halliday, Appellee.
No. 87-1187.
District Court of Appeal of Florida, Third District.
December 8, 1987.
*85 James O. Nelson, Miami, and Lorraine M. Glass, for appellant.
Leesfield & Blackburn and John Elliott Leighton, Miami, for appellee.
Before HUBBART, NESBITT and JORGENSON, JJ.
PER CURIAM.
We reverse the order denying the defendant's amended motion to dismiss for insufficiency of service of process. Section 48.031(1), Florida Statutes (1985), requires that original process be served upon the defendant personally or by leaving copies at the defendant's "usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." There must be strict construction of, and strict compliance with, the statutes governing substituted service of process. Herskowitz v. Schwarz & Schiffrin, 411 So.2d 1359, 1360 (Fla. 3d DCA 1982). Proof of valid service requires that there be evidence establishing (a) that the address of service was the defendant's usual place of abode, (b) the identity of the person served, (c) whether that person was over fifteen years of age, (d) whether that person resided at the address of service, and (e) whether that person was informed of the contents of the papers. See Gonzalez v. Totalbank, 472 So.2d 861, 864 (Fla. 3d DCA 1985).
The return of service filed by the process server stated that a copy of the process was left at the defendant's temporary residence with her son who was "of suitable age and discretion". The return adequately identified the party served but failed to state that he was over the age of fifteen. The return also failed to state that the defendant's son resided with her or that the process server explained the contents of the papers to the boy. In the affidavit filed in support of her motion, the defendant stated that her son was under the age of 15, that he did not reside with her, and that he was not informed of the contents of the papers. Having failed to comply with the requirements of the statute, the service was invalid.
For these reasons, the order under review is reversed with directions to grant the plaintiff leave to amend and for further proceedings.