PER CURIAM.
Janet Arango appeals an adverse final judgment. We reverse.
Appellees Roberto and Maria Jose Cart-agena filed a complaint for damages against Janet Arango and another defendant. The process server’s return of service indicated that service was made on a live-in housekeeper permanently residing at the home of Arango. A default was eventually entered against Arango for failure to file any paper in the action.
Subsequently, Mr. and Mrs. Cartagena filed a motion for entry of final judgment. *609 Arango filed a “Response to Plaintiffs’ Motion for Final Judgment” in which she contested the sufficiency of service of process. This was supported by an affidavit stating that the person on whom service was made did not reside at the home, nor was she a family member, but instead was a part-time employee.
It is true that Arango’s response was mislabeled and should have been entitled “Motion to Set Aside Default.” See Hall v. Ricardo, 331 So.2d 375 (Fla. 3d DCA 1976). However, the substance of Arango’s position was clear, and the affidavit set forth a triable issue of fact as to the sufficiency of service. See Johnston v. Halliday, 516 So.2d 84 (Fla. 3d DCA 1987); Hauser, v. Schiff, 341 So.2d 531 (Fla. 3d DCA 1977); see also North Shore Hospital, Inc. v. Barber, 143 So.2d 849, 850-51 (Fla.1962); Okeechobee Imports, Inc. v. American Savings & Loan Ass’n, 558 So.2d 506 (Fla. 3d DCA 1990).
We therefore reverse the final judgment and remand for further proceedings consistent herewith.