PER CURIAM.
Linda Allbritton appeals the denial of her motion to set aside a final judgment. We reverse because Allbritton was never served with the complaint and did not otherwise submit herself to the jurisdiction of the court. Therefore, the final judgment was void for lack of jurisdiction and should have been set aside.
The underlying lawsuit was originally filed against Allbritton’s husband and son. At the pretrial conference, the plaintiff requested leave to add Allbritton as a defendant. The pretrial conference order granted that request and stated that the attorney of record for Allbritton’s husband would file an answer for Allbritton within ten days of receiving the third amended complaint.
It is undisputed that no service of process was ever made on Allbritton. The attorney for Allbritton’s husband filed an answer and affirmative defenses on Allbritton’s behalf. Eventually a trial was held and a final judgment was entered against the defendants, including Allbritton. Allbritton did not personally appear or participate in any of these proceedings.
Later, when the plaintiff personally served her with a motion for proceedings supplementary, Allbritton filed a motion to set aside the final judgment. At a hearing on the motion, Allbritton testified that she had never been served with the complaint naming her as a defendant, that she was never represented by an attorney in the case, and that she was not aware that she was a party in the case. She also testified that she had never met the attorney representing her husband and had never authorized him to represent her. The attorney submitted an affidavit and acknowledged that he had never spoken with Allbritton and had never received her authorization to represent her in the case.
The trial court denied Allbritton’s motion to set aside the final judgment. We reverse because the trial court never acquired jurisdiction over Allbritton. The ap-pellee argues that the court obtained jurisdiction over Allbritton when her husband’s attorney filed an answer and affirmative defenses on her behalf. However, the attorney who filed pleadings on her behalf and purported to represent her in the lawsuit had never spoken to Allbritton and was not authorized by Allbritton to represent her in the lawsuit. While there may be a presumption that an attorney is authorized to act for a client whom he professes to represent, see Mendelsund, v. Southern-Aire Coats of Fla., 210 So.2d 229, 281 (Fla. 3d DCA 1968), that presumption was overcome in this case by the testimony of both Allbrit-ton and the attorney which clearly established that Allbritton never authorized the attorney to represent her and was unaware of his representation. Therefore, the attorney’s purported appearance on her behalf did not subject her to the jurisdiction of the court. Because she was never served with process and did not otherwise submit to the jurisdiction of the court, the final judgment is void for lack of jurisdiction. See Gonzalez v. Totalbank, 472 So.2d 861, 864-65 (Fla. 3d DCA 1985).
The case is reversed and remanded for entry of an order granting Allbritton’s motion to set aside the final judgment against her.
FULMER and QUINCE, JJ., concur.
ALTENBERND, A.C.J., concurs specially.