PER CURIAM.
In November of 2000, Jim Jensen, the plaintiff below, brought suit against Mark Rice, the Spring Football League, SFL FL, Inc. d/b/a The Miami Tropics, Primex Capital, and Sierra Grill, Inc. (collectively “the defendants”) for breach of contract and fraud arising out of an employment agreement to provide services as head coach and general manager of the Miami Tropics.
Plaintiffs claims stem from his contention that the defendants, specifically, Mark Rice and the Spring Football League, failed to compensate him for his services as required under the employment agreement. Count II of the Complaint alleges a Fraudulent Inducement claim against all of the defendants. Specifically, plaintiff alleges that the accounts of Primex Capital and Sierra Grill, Inc. were used to effectuate the fraud by using those accounts to transfer money to pay plaintiff and other vendors. The Complaint alleges that the trial court “has personal jurisdiction over defendant Sierra Grill, Inc. because defendant committed a tortious act within this [S]tate, pursuant to [section 48.193(b), Florida Statutes].”
A Motion to Dismiss and/or Stay Pending Arbitration was filed on behalf of all of the defendants, including Sierra Grill, on December 20, 2000, seeking arbitration pursuant to the employment agreement. The trial court granted the motion in part and referred the entire Complaint to arbitration on February 20, 2001.[1] Plaintiff appealed the matter to this Court. This Court affirmed the Order for arbitration against the Miami Tropics, but reversed the Order as to the remaining defendants, including Sierra Grill.
On remand, plaintiff sought a status conference. After conference, the trial court ordered all defendants to file an Answer or response to the Complaint. Sierra Grill did not file any responsive pleadings, and did not respond to any discovery requests.[2] Consequently, plaintiff sought a Default Judgment against Sierra Grill on April 26, 2002. The trial court entered an Order Granting Plaintiffs Motion for Final Default Judgment against Sierra Grill on May 23, 2002.
On May 24, 2002, Sierra Grill filed its “Motion to Set Aside Prior Appearance of Counsel on Behalf of Defendant, Sierra Grill, Inc., Any Orders and Pleadings Filed Thereby, and Motion to Dismiss Plaintiffs Complaint as a Result of Ineffective Service of Process.” The motion alleged, among other things, that previous counsel was never retained, nor authorized to enter an appearance on behalf of Sierra Grill. Additionally, Sierra Grill argued that Plaintiffs Complaint failed to set forth any jurisdictional facts which would support a finding that Florida’s long-arm statute applies to Sierra Grill. As a result, the Motion sought dismissal of plaintiffs Complaint against Sierra Grill for insufficiency of process and the absence of a jurisdictional basis upon which to assert jurisdiction over Sierra Grill. In support, Sierra Grill offered the Affidavit of its President, Charles Watkins, who indicated that he never authorized, nor entered into any agreement on behalf of Sierra Grill to employ the law firm of Zuckerman, Spaeder, Taylor & Evans. Additionally, Mr. Watkins indicated that Sierra Grill’s registered *1266 agent was never served with the original Complaint. The trial court granted Sierra Grill’s Motion to Set Aside the Prior Appearance of Counsel and its Motion to Dismiss. With respect to the appearance of counsel, the trial court found that the notice of appearance was filed on behalf of all of the defendants and that all correspondence was sent to Mark Rice. Additionally, the court found that while service was effectuated on Mark Rice and Primex Corporation in Texas, and the Spring Football League in North Carolina, service was never effectuated on Sierra Grill.
We find that the Record does not conclusively establish that the Zuckerman Spaeder firm was not authorized to act on behalf of Sierra Grill, and accordingly remand for further proceedings. “[Generally, there is a presumption that an attorney, as an officer of the court, is duly authorized to act for a client whom he professes to represent. In the absence of some pleading questioning the attorney’s acts ..., the presumption is conclusive.” Brooks v. Shore, 760 So.2d 1093 (Fla. 3d DCA 2000)(quoting Mendelsund v. Southern-Aire Coats of Florida, Inc., 210 So.2d 229, 231 (Fla. 3d DCA 1968)).
In Allbritton v. Stahlman, 683 So.2d 536 (Fla. 2d DCA 1996), however, the Court recognized that the presumption may be overcome when a party presents evidence that she or he did not authorize the representation of the attorney. Id at 537. The Court in Allbritton accepted the testimony of the co-defendant and the representing counsel who submitted affidavits regarding the lack of authorization. The Court reversed the final judgment for lack of jurisdiction “[b]ecause [the defendant] was never served with process and did not otherwise submit to the jurisdiction of the court.” Id. at 537 (citing Gonzalez v. Totalbank, 472 So.2d 861, 864-65 (Fla. 3d DCA 1985)). Moreover, this Court has previously acknowledged that an attorney is not authorized to represent any person without the consent of that person or someone with authority to represent that person. See Gonzalez v. Totalbank, 472 So.2d at 864. In Gonzalez, this Court found that Ms. Gonzalez never consented to the representation, and was never even aware of it. Consequently, the Court held that the attorney’s appearance on Ms. Gonzalez’ behalf cannot be deemed a waiver of any objection to the defective service. Gonzalez, 472 So.2d at 865.
In the instant case, the Record reflects that Zuckerman Spaeder purported to, and did in fact, represent all of the defendants. Additionally, the affidavit of Sierra Grill’s president fails to clearly establish when Sierra Grill was aware that it was a named defendant in a lawsuit and represented by the Zuckerman Spaeder firm. Moreover, the evidentiary Record is incomplete to the extent that there is no evidence showing who, in fact, hired the Zuckerman Spaeder firm, and whether the individual was authorized to act on behalf of Sierra Grill. To this end, we find that the trial court improperly stayed discovery in this matter. Finol v. Final, 869 So.2d 666 (Fla. 4th DCA 2004)(attorney-client privilege does not protect retainer agreements, nor billing and payment records). Indeed, since Sierra Grill takes the position that it was never represented by Zuckerman Spaeder with regard to this lawsuit, it necessarily follows that Sierra Grill has no basis on which to claim attorney-client privilege for communications with the Zuckerman firm relating to this case. Accordingly, we reverse the Order setting aside the prior appearance of counsel and dismissing the cause of action against Sierra Grill, and remand this matter with directions that plaintiff be permitted to seek discovery from the Zuckerman Spaeder firm, Sierra Grill, and persons with relevant knowledge *1267 for purposes of determining who authorized the firm to represent Sierra Grill, and to determine when, if at all, Sierra Grill became aware of the purported representation.
Reversed and remanded with directions.

. On May 31, 2001, the defendants’ law firm sought to withdraw from the case, indicating that it was unable to contact its clients and that the defendants failed to make financial arrangements with the law firm.

. On April 25, 2002, counsel for Sierra Grill, McGrane, Nosich & Ganz, filed a Notice of Appearance on behalf of Sierra Grill.