905 So.2d 956 (2005)
Jacob W. BUSMAN, Appellant,
v.
STATE of Florida, DEPARTMENT OF REVENUE, etc., Appellee.
No. 3D04-2553.
District Court of Appeal of Florida, Third District.
June 22, 2005.
*957 Phillip L. Schwartz, Washington, D.C., for appellant.
William H. Branch, for appellee.
Before RAMIREZ, CORTIÑAS and ROTHENBERG, JJ.
RAMIREZ, J.
Jacob W. Busman appeals the denial of his Verified Motion to Set Aside and To Vacate Final Judgment on Complaint to Establish Paternity and Award of Child Support and Demand for DNA Testing. Because Busman was not properly served with process, we reverse.
The State of Florida, Department of Revenue, on behalf of Jessica Fernandez, filed an action against Busman to establish paternity and seek a child-support award. On July 16, 2003, the sheriff served Busman by leaving a copy of the summons and complaint with Joshua Potts, Busman's half-brother, at 327 N.W. 4th Avenue, in Boca Raton. Busman did not file an answer to the complaint. The Department filed a motion for default. Following a hearing, at which Busman did not appear, the court adopted the hearing officer's recommendation to grant the motion for default and entered a final judgment establishing paternity and awarding child support.
On March 24, 2004, Busman filed a verified motion to set aside and vacate the final judgment. He filed affidavits and a lease agreement in support of his contention that service on Potts was ineffective as Busman did not live at that address on that date. Busman's affidavit explained that when substitute service was effected on Potts, Busman was living at 1845 N.W. 4th Avenue, Apartment 25, in Boca Raton. The attached lease corroborated this allegation. He also submitted the affidavit of Potts confirming that Busman did not live with him when the summons and complaint were served, together with the affidavit of Valerie Bennett, Busman's landlord at the 1845 N.W. 4th Avenue address. At the evidentiary hearing on Busman's motion, Busman testified that he has lived at the 1845 N.W. 4th Avenue address since April 1, 2003, and that he did not live with his half brother on the date that the sheriff attempted service. The Department relied on the sheriff's return of process and argued that the submitted evidence did not establish that Busman lived at an address other than the address where service was effected on Busman's half brother. The trial court denied Busman's motion.
We agree with Busman's contention that he was not properly served pursuant to the substituted service of process statute. Section 48.031(1)(a), Florida Statutes (2003), provides, in pertinent part, that:

*958 Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint. . . or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of the contents.
As used in the statute, the term "usual place of abode" denotes the place "where the person is actually living at the time of service." Shurman v. Atl. Mortgage & Inv. Corp., 795 So.2d 952, 956 (Fla.2001). This statute, governing substituted service of process, must be strictly construed and enforced. Id. at 954.
Although the sheriff's return of service, which is regular on its face, is presumptively valid,[1]see Department of Revenue v. Wright, 813 So.2d 989, 992 (Fla. 2d DCA 2002); Fla. Nat'l Bank v. Halphen, 641 So.2d 495, 496 (Fla. 3d DCA 1994), Busman presented clear, convincing and uncontradicted evidence that the 327 N.W. 4th Avenue address was not his "usual place of abode." He testified that when the sheriff left the copy of the summons and complaint with his half brother on July 16, 2003, he was no longer living there. He further testified that he entered into a lease agreement and moved out of his half-brother's home on April 1, 2003. His testimony was corroborated by a lease agreement for the 1875 N.W. 4th Avenue address.[2] This evidence demonstrated that he did not live at the 327 N.W. 4th Avenue address when the sheriff left the copy of the summons and complaint with Potts. Therefore, the substituted service was invalid, and the trial court abused its discretion in denying Busman's motion to vacate the judgment. See Shurman, 795 So.2d at 956; Ubilla v. L & W Supply, 637 So.2d 994 (Fla. 3d DCA 1994); Alvarez v. State Farm Mut. Auto. Ins. Co., 635 So.2d 131 (Fla. 3d DCA 1994); Milanes v. Colonial Penn Ins. Co., 507 So.2d 777 (Fla. 3d DCA 1987); Gahagen v. Mahoney, 511 So.2d 1125 (Fla. 4th DCA 1987); Stern v. Gad, 505 So.2d 531 (Fla. 3d DCA 1987).
In its effort to collect child support, the Department has adamantly resisted Busman's request for DNA testing to verify whether or not he is in fact the father of the minor child. But a determination of paternity does not merely generate an obligation to pay child support. By entering a final default judgment, the trial court not only established Busman's child support obligations, but also the identity of the child's father. This decision also confers on Busman the right of visitation as well as a claim to be the primary residential parent. See Johnson v. Adair, 884 So.2d 1169 (Fla. 2d DCA 2004). These issues should be decided on the basis of the best interests of the child. Id. at 1171. Even if a default had been properly entered, we fail to see how denying the father his request for DNA testing could possibly be in the child's best interest in the context of a child born out of wedlock. Our decision today is consistent with all those cases that have expressed an aversion to decide the issues of parental rights on a default basis or by "gotcha" practices. B.H., Sr. v. Department of Children and Families, 882 So.2d 1099, 1100-01 (Fla. 4th DCA 2004); Childers v. Riley, 823 So.2d 246 (Fla. 4th DCA 2002)(holding that "the issue of custody should not ordinarily be determined by entering a default against one of the parents"); Barnett v. *959 Barnett, 718 So.2d 302, 304 (Fla. 2d DCA 1998)("It has long been the rule in Florida that child custody should be decided based on the best interests of the children, not based on the default of one of the parents.").
Accordingly, we reverse the order and remand for further proceedings.
Reversed and remanded.
NOTES
[1] Although the return of service is not in the record, the parties do not dispute its contents.
[2] For the first time on appeal, appellee takes the position that the lease and the affidavits were not formally moved into evidence. However, appellee itself referred to the lease in its closing argument.