EMAS, J.
Appellants seek review of the trial court’s order denying their motion to quash service of process, asserting that the trial court applied the incorrect legal standard and there was not competent substantial evidence to conclude substituted service was properly effectuated. We affirm.

FACTUAL BACKGROUND

Appellee law firm Diaz, Reus & Targ, LLP sued its client, Cesar Lindo Hoyos, for unpaid fees.[1] It also sued Ana Cristina Robles-Martinez and Jorge Robles-Martinez, Mr. Hoyos’ daughter and son-in-law. These two individuals were not personally served; substituted service was effectuated on May 21, 2009, upon Maria Uribe (the mother of Ana Cristina Robles-Martinez), who resided at the address in question at the time of service.
Appellants filed a motion to quash service of process, alleging they were not living at the address at the time of service of process. In support of their motion, Appellants filed an affidavit of Ms. Uribe, who averred that Appellants were not living at the address in question on the date of service and did not live there during the month of May 2009.
At a subsequent hearing, the trial court found Ms. Uribe’s affidavit insufficient and granted Appellants twenty-one days to file their own affidavits, which they did. Thereafter, an evidentiary hearing was held on the motion to quash.
At the evidentiary hearing, Appellee presented the live testimony of the process server, Mr. Rodolfo Perez, who testified in relevant part:
Appellants’ last known address was an apartment within a condominium complex on Key Biscayne. Upon arrival, Mr. Perez was met by a security guard at the main entrance. The security guard verified and advised Mr. Perez that Appellants did in fact live at the address in question. Mr. Perez inquired whether anyone else lived with them, and the guard indicated that the mother of Mrs. Robles-Martinez lived with them and that the mother should be at the apartment.
The security guard permitted Mr. Perez to enter the complex; he went to the apartment in question and knocked on the door. The mother, Ms. Uribe, opened the door. Mr. Perez asked for Appellants by name, and Ms. Uribe said that they lived there with her, but that they were not home. Mr. Perez testified that Ms. Uribe said her daughter “wasn’t there but she’d be there shortly.” Mr. Perez asked Ms. Uribe if she would accept the summonses and Ms. Uribe agreed and signed the paperwork accepting service on behalf of Appellants. As he was leaving the complex, Mr. Perez again verified that Appellants and Ms. Uribe all lived together in the same apartment. Mr. Perez identified Ms. Uribe (who was present in court) as the person he served with the summonses. The summonses and verified returns of *179 service were introduced into evidence without objection.
On cross-examination, Mr. Perez agreed that he did not specifically ask the security guard or Ms. Uribe whether Appellants were “currently” living in the apartment. However, Mr. Perez explained:
When [Ms. Uribe] told me that [her daughter and son-in-law] both lived there, that [the daughter] wasn’t home right now, that she had left and she would he hack shortly, then is when I asked if she [Ms. Uribe] lives there ... and she said yes. So she said if I wanted to wait for her [daughter] or could she take it for her and him, so that’s what I did.
(Emphasis added.)
Appellants presented the live testimony of Ms. Uribe,[2] who testified in relevant part:
A process server came to the apartment with paperwork for her daughter and son-in-law. She told the process server that they did not live there, but that she would accept service on their behalf. Ms. Uribe testified that Appellants had not lived at the apartment for approximately eight months before the process server came to serve them. Ms. Uribe stated she lived alone in the apartment during that period. On cross-examination, Ms. Uribe acknowledged that during her deposition she testified that she could not recall what she had told the process server when he came to serve the summonses.
Appellants argued that there was insufficient evidence to, establish that the apartment was their “usual place of abode” as opposed to their residence, because there was no evidence that Appellants currently resided at the apartment at the time service was effectuated.
The trial court indicated that, after reviewing the court file, the testimony at the hearing, and the affidavits, Appellants had failed to establish by clear and convincing evidence that service was not proper, and denied the motion to quash.

DISCUSSION AND ANALYSIS

1. The Presumption and the Burden
Appellants contend that the trial court erred by placing the burden upon them to prove improper service. A trial court’s ruling on a motion to quash service of process, to the extent it involves questions of law, is subject to de novo review. Mecca Multimedia, Inc. v. Kurzbard, 954 So.2d 1179, 1181 (Fla. 3d DCA 2007). Service made under the substitute service provisions of section 48.031, Florida Statutes, must be strictly complied with, and these provisions are to be strictly construed. Clauro Enter., Inc. v. Aragon Galiano Holdings, Inc., 16 So.3d 1009, 1011 (Fla. 3d DCA 2009); Gonzalez v. Totalbank, 472 So.2d 861, 864 (Fla. 3d DCA 1985). While a plaintiff bears the ultimate burden of proving valid service of process, M.J.W. v. Dep’t. of Children & Families, 825 So.2d 1038, 1041 (Fla. 1st DCA 2002), a “return of service that is regular on its face is presumed to be valid absent clear and convincing evidence presented to the contrary.” Telf Corp. v. Gomez, 671 So.2d 818 (Fla. 3d DCA 1996).[3]
*180 Here, the verified returns of service were regular on their face, containing all of the information in compliance with the specific requirements of section 48.031(l)(a).[4] The trial court correctly determined that this created a presumption of valid service of process. This presumption shifted the burden to Appellants to establish at the evidentiary hearing, by clear and convincing evidence, that service of process was not properly effectuated.
The dissent posits that, although the return of service was regular on its face, the affidavits submitted by Appellants “made a prima facie showing that the return of service was defective, ” shifting the burden back to Appellee to prove valid service. However, Appellants’ affidavits do not challenge the facial regularity of the return; instead, the affidavits challenge the validity of the service of process itself. There is a significant difference between a facially defective return of service (for example, a return which, on its face, fails to contain the information required by statute) [5] and an invalid service of process (for example, a claim that the residence where service was effectuated was not the defendant’s usual place of abode).[6] This distinction is essential in properly allocating the burden of proof and production.[7]
As we discussed in Gonzalez v. Totalbank, 472 So.2d at 864 n. 1:
When the return of service is regular on its face, the party challenging the service has the burden of overcoming the presumption of its validity by presenting clear and convincing evidence. Slomow- *181 itz v. Walker, 429 So.2d 797 (Fla. 4th DCA 1983); Winky’s, Inc. v. Francis, 229 So.2d 903 (Fla. 3d DCA 1969). On the other hand, when, as in this case, the challenging party makes a prima facie showing that the return is defective, then the burden shifts to the person acting under the substituted service provision to prove valid service. George Fischer, Ltd. v. Plastiline, Inc., 379 So.2d 697 (Fla. 2d DCA 1980).
Gonzalez involved a return that was shown prima facie to be defective on its face, and therefore the presumption of valid service was unavailable to the plaintiff. This determination was made by simply reviewing the four corners of the return to see if it contained all of the information required by the applicable statute:
Section 48.21, Florida Statutes (1979) requires those serving process to record, among other things, the manner of execution of the process and the name of the person served. A failure to record those facts invalidates the service, unless it is amended. The return here did not reflect the name of the person served, merely indicating that a Jane Doe was served. With regard to the manner of execution, there is no indication that the person served was over 15 years old. Consequently, under section 4.8.21 ... the return of service was defective and the service was invalid.
Id. at 864 (emphasis added).
Johnston v. Halliday, 516 So.2d 84, 85 (Fla. 3d DCA 1987), provides another example of what is meant by the concept of a return of service which is “regular on its face.” In Johnston, the process server attempted substituted service under section 48.031(1) by serving the defendant’s son. The return of service stated that a copy was left with the defendant’s son who was “of suitable age and discretion.” We held this language to be insufficient to meet the statutory requirements, because the return of service failed to state that the individual was over the age of fifteen.[8]
In contrast with Johnston and Gonzalez, the instant case involves returns of service that are regular on their face; the returns contained all of the information required to show compliance with the statute. The affidavits offered by Appellants did not challenge the facial regularity of the return of service; rather, by alleging that Appellants were not living at the apartment on the date process was served, the affidavits challenged the veracity of the information on the face of the return; Appellants’ challenge is to the validity of the service of process itself, which created an issue of fact that required resolution at an evidentiary hearing. At that hearing, Ap-pellee was entitled to the presumption that valid service was effectuated, and Appellants had the burden of establishing, by clear and convincing evidence, that service of process was invalid. In the absence of such clear and convincing evidence, the presumption created by a return of service regular on its face satisfied Appellee’s burden of establishing valid service of process.[9]
2. Residence v. Usual Place of Abode
Section 48.031, Florida Statutes, provides in pertinent part that service of pro *182 cess shall be made “by delivering a copy of it to the person to be served ... or by leaving [it] at his or her usual place of abode with any person residing therein who is 15 years of age or older ...” (emphasis added.)
The term “usual place of abode” means “the place where the defendant is actually living at the time of service.” Shurman v. Atl. Mortg. & Inv. Corp., 795 So.2d 952, 954 (Fla.2001). The word “abode” means “one’s fixed place of residence for the time being when service is made.” State ex rel. Merritt v. Heffernan, 142 Fla. 496, 195 So. 145, 147 (1940). Therefore, if a person has more than one residence, that person must be served at the residence in which he is actually living at the time service is made. Id.
Appellants contend that the trial court focused on where Appellants “resided” rather than their “usual place of abode.” In doing so, Appellants argue, the trial court’s determination was erroneous as a matter of law. However, there is no record evidence indicating that the trial court based its determination upon Appellants’ “residence” as opposed to their “usual place of abode”[10]
The mere fact that the process server, Mr. Perez, did not ask: “Are they currently living there?” does not carry the day for Appellants, given the other testimony presented at the evidentiary hearing; Ms. Uribe told Mr. Perez that her daughter and son-in-law “both lived there” and that her daughter “wasn’t home right now, that she had left and would be back shortly.” Ms. Uribe asked Mr. Perez if “he wanted to wait” for her daughter to return, or whether he wanted to leave the papers with her. This evidence, if found credible by the trial court, was sufficient to establish that Appellants, on the date of service, were living at the apartment with Ms. Uribe.
3. Competent Substantial Evidence
Finally, Appellants contend that there was no competent substantial evidence to support the trial court’s finding that Appellants were served at their usual place of abode. We disagree. As previously discussed, the verified returns of service, regular on their face, created a presumption of valid service of process. It was Appellants’ burden to establish by clear and convincing evidence that the apartment in question was not their usual place of abode. The testimony and other evidence presented by the parties required the trial court, as the factfinder, to make credibility determinations and resolve the conflicts in the evidence. It is not the function of this court to re-weigh the evidence or substitute its judgment for that of the trial court, but rather to determine whether there was competent substantial evidence to support the trial court’s factual determinations. Shaw v. Shaw, 334 So.2d 13 (Fla. 1976). We hold that there was competent substantial evidence to support the trial court’s determination.

CONCLUSION

The verified returns of service were regular on their face, creating a presumption of valid service. Appellants failed to overcome the presumption of valid service by clear and convincing evidence, and there was competent substantial evidence to support the trial court’s determination that *183 the apartment in question was Appellants’ usual place of abode on the date of service. We affirm the trial court’s denial of Appellants’ motion to quash.
Affirmed.
RAMIREZ, J., concurs.

. Mr. Hoyos is not a party to this appeal.

. Appellants did not attend the evidentiary hearing and the trial court did not permit their depositions to be taken prior to the hearing.

. "Clear and convincing evidence” is "evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.” Fla. Std. Jury Inst. (Civ.) 405.4 (adopting definition set forth in Slomowitz v. Walker, 429 So.2d 797, 800 (Fla. 4th DCA 1983)).

. That subsection provides: "Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents. Minors who are or have been married shall be served as provided in this section.”

. See, e.g., Gonzalez, 472 So.2d at 861 (return of service was not regular on its face where return itself failed to contain a statement of the manner in which service was made and the name of person served, both of which are required under section 48.21, Florida Statutes); Nat’l Safety Assocs., Inc. v. Allstate Ins. Co., 799 So.2d 316 (Fla. 2d DCA 2001) (defendants made prima facie showing that return of service was facially defective where return failed to include (as required by § 48.081(1)) statement that all superior corporate officers designated in the statute were absent when service was attempted on inferior corporate officer).

. See, e.g., Busman v. State, 905 So.2d 956 (Fla. 3rd DCA 2005) (return of service was regular on its face and therefore presumptively valid; defendant thus had burden of proving, by clear and convincing evidence, that he was not served at his usual place of abode).

.The dissent relies upon Thompson v. State, Department of Revenue, 867 So.2d 603 (Fla. 1st DCA 2004), for the proposition that an affidavit alleging that defendant was not served at his usual place of abode is a challenge to the facial regularity of the return of service. In Thompson, our sister court appeared to blur the distinction between prima facie evidence showing a facially defective return of service versus proof of invalid service of process: "Thompson’s motion and affidavit are based on the fact that the service did not comply with section 48.031 and was therefore legally deficient ... Thompson's affidavit makes a prima facie showing that he was not served at his usual place of abode.” Id. at 605. However, such a claim is a challenge to the validity of the service of process, rather than a challenge to the facial regularity of the return of service. As our Court previously has held, once a return of service is shown to be valid on its face, a presumption of valid service attaches, and a defendant who thereafter claims that service was not made at the defendant's usual place of abode must establish such a claim by clear and convincing evidence. See Busman, 905 So.2d at 956; Telf Corp. v. Gomez, 671 So.2d 818 (Fla. 3d DCA 1996); Fla. Nat’l Bank v. Halphen, 641 So.2d 495 (Fla. 3d DCA 1994); Gonzalez, 472 So.2d at 861.

. The return of service was additionally defective in failing to state (as required under section 48.031(1)) that the individual served resided with the defendant and that the process server informed him of the contents of the papers.

. Stated another way, the ultimate burden of proving valid service of process always remains upon the plaintiff. However, a return of service, regular on its face, creates a presumption of valid service, which is sufficient to satisfy this burden in the absence of clear and convincing evidence to the contrary.

. It is ironic that Appellants would argue this distinction, given that each Appellant averred in their affidavit merely that “before March, 2009, I have not resided at 765 Cran-don Boulevard, Apt. 112, Key Biscayne, Florida, 33149.” Absent from each affidavit is an averment that, on May 21, 2009 (the date of service of process), they were not living at that apartment.