DAVIS, Judge.
Lance Koster challenges the order denying his motion to set aside default, set aside partial final default judgment, and quash service of process. Because a strict reading of section 48.21, Florida Statutes (2010), supports the trial court’s finding that the return of service was regular on its face and the record also supports the trial court’s finding that Koster failed to meet his burden of proving ineffective service, we affirm.
Carol Sullivan commenced the proceeding below by the filing of a complaint against Koster and other defendants who are not parties to this appeal. On November 7, 2009, a process server delivered a summons and a copy of the complaint to Koster’s place of residence. Koster was not at home at the time, and the documents were left with Koster’s sister-in-law, who was present in the home when the delivery was made. Koster did not file an answer or other responsive pleadings, maintaining that he never received the documents. After a clerk’s default was entered, he failed to appear at the hearing on Sullivan’s motion for final default judgment.
Koster filed his motion to set aside the default, set aside the final default judgment, and quash service of process. The bases of the motion were that the service of process was defective and that the return of service was defective on its face. The trial court held an evidentiary hearing on Koster’s motion at which it made determinations that the return of service was not facially defective and that Koster did not meet the clear and convincing standard necessary to overcome the presumption that service was proper based on the facial regularity of the return. Because the evidence presented to the trial court conflicted as to whether Koster’s sister-in-law actually was a resident of the address served who could accept service on Koster’s behalf and because the sister-in-law did not testify that at the time of service the process server failed to explain the contents of the documents to her, the trial court denied Koster’s motion. Koster appeals that denial.
*884 The procedure for determining effective service of process has been set forth in Re-Employment Services, Ltd. v. National Loan Acquisitions Co., 969 So.2d 467 (Fla. 5th DCA 2007). The burden of proving effective service of process initially falls on the party seeking to invoke the court’s jurisdiction. The return of service is evidence of whether service was validly made. If the return of service is regular on its face, service of process is presumed to be valid and the burden then shifts to the party challenging service to rebut the presumption with clear and convincing evidence. However, if the return is defective on its face, then the return is not evidence of service and the party seeking to invoke the court’s jurisdiction must present evidence to show effective service of process. Id. at 471.
Koster argued below, and argues now on appeal, that the return of service was defective on its face and that therefore Sullivan should be denied the presumption of service. Accordingly, the issue before this court is the facial validity of the return of service filed below by Sullivan.
The requirements of facial validity for a return of service are set forth in section 48.21, Florida Statutes, the applicable version of which reads as follows:
Each person who effects service of process shall note on a return-of-service form attached thereto, the date and time when it comes to hand, the date and time when it is served, the manner of service, the name of the person on whom it was served and, if the person is served in a representative capacity, the position occupied by the person. A failure to state the foregoing facts invalidates the service, but the return is amendable to state the truth at any time on application to the court from which the process issued. On amendment, service is as effective as if the return had originally stated the omitted facts. A failure to state all the facts in the return shall subject the person effecting service to a fine not exceeding $10, in the court’s discretion.
Koster argued below that for the return of service to be sufficient under section 48.21, the term “manner of service” must be strictly construed. He further maintained that because the return of service filed in this case[1] indicates that the manner of service was substitute service, strict construction requires that the return also identify specifically all of the statutory requirements of substitute service. See § 48.031(l)(a) (“[Sjervice of original process is made by delivering a copy of it to the person to be served ... or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.”); see also Gonzalez v. Totalbank, 472 So.2d 861, 863-64 (Fla. 3d DCA 1985) (concluding that “under section 4-8.21 and the cases which strictly construe substituted service provisions, the return of service was defective and the service was invalid” where both the name of the person and the manner of service were not listed on the return and specifically noting that such return failed to indicate whether the person served was fifteen or older) (emphasis added)).
Koster argued that because the return of service did not include a statement that the sister-in-law was fifteen or more years *885 old and there was no indication that the content of the process was explained to her, the return was defective. The trial court disagreed and found that the return was regular on its face and was evidence of proper service.
We agree that it is clear that the return of service at issue here meets the textual requirements of section 48.21. The question then becomes whether meeting those requirements, without further identifying the “manner of service” by listing the specific elements set forth in section 48.031(l)(a), established the return of service as regular on its face.
The Third District has suggested that “[s]ervice made under the substitute service provisions of section 48.031 ... must be strictly complied with and [that] these provisions are to be strictly construed.” Robles-Martinez v. Diaz, Reus, & Targ, LLP, 88 So.3d 177, 180 (Fla. 3d DCA 2011) (noting that a return of service which listed all the requirements of section 48.031 was regular on its face in a challenge to “the validity of the service of process itself’ but “not ... the facial regularity of the return”); see also Walton v. Walton, 181 So.2d 715, 717 (Fla. 2d DCA 1966) (“Statutes authorizing constructive service of process must be strictly construed and exactly followed in order for a [trial] court to acquire jurisdiction.”). But the determination that a return is regular on its face, no matter what type of service, is governed only by the language of section 48.21 and does not require express reference to section 48.031(l)(a) or any other statute that serves to define a specified manner of service.
Accordingly, while evidence that any of the factors outlined in section 48.031(l)(a) were not present in this case could be used by Foster to meet his subsequent burden of rebutting the presumption of service— and under Robles-Martinez and Walton must be strictly construed by the courts when evaluated in that context — the term “regular on its face” does not appear to have been given explicit definition or application beyond the text of section 48.21. Therefore, in evaluating a determination of the facial regularity of a return, we do not read a strict construction of section 48.21 to also require an explicit identification of the individual requirements of section 48.031(l)(a) in order for the return of service to be deemed regular on its face. See § 48.21; see also Carone v. Millennium Settlements, Inc., 84 So.3d 1141, 1142 (Fla. 4th DCA 2012) (concluding that a return of service was regular on its face where “the process server stated that he obtained substitute service on the defendant by serving her father at her home” and “that the defendant’s father resided at the home”); Re-Emp’t Servs., 969 So.2d at 471-72 (“The statutory provisions that govern return of service are found in section 48.21_In the present case, the return of service was defective on its face because it ... failed to accurately note .... [the] statutory requirements [outlined in section 48.21] of a proper return of execution of process.”). But see Bank of Am., N.A. v. Bornstein, 39 So.3d 500, 504 (Fla. 4th DCA 2010) (“Neither the original nor the amended return of service showed the absence of the statutorily prescribed [, pursuant to section 48.081,] superior classes of persons who could have been served.”); Gonzalez, 472 So.2d at 864 (suggesting that in addition to deficiencies in a return under section 48.21, the lack of a requirement listed in section 48.031(l)(a) could make a return of service defective on its face).
Neither Bomstein nor Gonzalez offer support beyond the idea of strictly construing service statutes for their determinations that the absence of a service requirement not specifically identified in *886 section 48.21 impacts the initial determination of whether a return is regular on its face. Furthermore, because the facts of both Gonzalez, 472 So.2d at 864, and the case upon which it relies, Herskowitz v. Schwarz & Schiffrin, 411 So.2d 1359 (Fla. 3d DCA 1982), involved returns of service that failed to identify the name of the person who was served, both returns were defective on their faces solely based on the express terms of section 48.21 without the need of referencing section 48.031.[2] And absent these unsupported cases, strict construction of neither statute requires that the process server expressly identify the individual requirements of section 48.031 in order to fully comply with section 48.21.
Thus, despite the Third District’s appearing to conclude otherwise, we conclude that identifying the manner of service as substitute and otherwise fully complying with the express requirements of section 48.21 is sufficient to deem this return regular on its face and to establish the presumption of valid service in favor of Sullivan. The trial court thus properly shifted the burden to Foster to show by clear and convincing evidence that service was defective. Because the evidence presented by Foster at the hearing was inconclusive regarding the residence of his sister-in-law [3] and failed to establish that the process server did not identify the contents of the documents, he did not meet his burden. Accordingly, the trial court properly denied his motion, and we affirm that denial. See Baker v. Stearns Bank, N.A., 84 So.3d 1122, 1126 (Fla. 2d DCA 2012); see also Cordova v. Jolcover, 942 So.2d 1045, 1047 (Fla. 2d DCA 2006) (noting that even if the return was regular on its face, Cordova met his burden to show by clear and convincing evidence that he did not live with his wife at the dwelling where service was attempted).
But because Gonzalez, Herskowitz, and the cases relying on them also could be read to conclude that returns of service may be facially defective for failing to specify factors identified in service-related statutes not expressly listed in section 48.21, we certify conflict with those cases as well as Robles-Martinez, 88 So.3d 177, which also appears to adopt that reasoning. Additionally, because the definition of the term “regular on its face” has not been clearly articulated as necessarily including an express listing of the statutory factors constituting the identified method of service on a return of service within the initial evaluation of the sufficiency of returns of service pursuant to section 48.21, and because that interpretation is a matter of great public importance where a clear understanding of the service statutes is necessary to effectuate legal service of process and provide adequate due process of law, we certify the following question to be of great public importance:[4]
IS A RETURN OF SERVICE, IN ORDER TO BE DEEMED REGULAR ON ITS FACE SUCH THAT THE PARTY SEEFING TO ESTABLISH SERVICE IS ENTITLED TO A PRESUMPTION OF VALID SERVICE, REQUIRED TO EXPRESSLY LIST THE FACTORS DEFINING THE *887 “MANNER OF SERVICE” INDICATED ON THE RETURN THAT ARE OTHERWISE IDENTIFIED IN STATUTES DEFINING SERVICE BUT ARE NOT INCLUDED IN THE FACIAL LANGUAGE OF SECTION 48.21 DEFINING INVALID SERVICE?
Affirmed; question certified; conflict certified.
SILBERMAN, C.J., and CASANUEVA, J., Concur.

. As introduced at the hearing on Koster's motion, the instant return of service listed the requirements of section 48.21 and also indicated that service was executed "in accordance with State statutes in the manner ... [of] substitute service” by way of the “sister-in-law/coresident. ’ ’

.The failure to comply with the express language of section 48.21 is also the basis for concluding that the return was invalid in a recent case relying on Bomstein. Vives v. Wells Fargo Bank, N.A., - So.3d-(Fla. 3d DCA 2012) (concluding that return of service failed to state the name of the person served).

. We note that the issue of whether his sister-in-law actually is over the age of fifteen and was able to receive service was not disputed by Koster.

. See Fla. R. App. P. 9.030(a)(2)(A)(v).