# Third District Court of Appeal
## State of Florida

Opinion filed February 10, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-2168
Lower Tribunal No. 18-40832
_____

**Cesar Leonel Dias,**
Appellant,

vs.

**Ettore Piaquadio,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Mavel Ruiz, Judge.

Law Offices of John E. Bergendahl, and John E. Bergendahl, for appellant.

The Carlin Law Firm, PLLC, and Justin C. Carlin (Fort Lauderdale), for appellee.

Before EMAS, C.J., and LOGUE and MILLER, JJ.

PER CURIAM.

Affirmed. See Robles-Martinez v. Diaz, Reus & Targ, LLP, 88 So. 3d 177, 182 (Fla. 3d DCA 2011) (observing: "While a plaintiff bears the ultimate burden of proving valid service of process, M.J.W. v. Dep't. of Children & Families, 825 So. 2d 1038, 1041 (Fla. 1st DCA 2002), a 'return of service that is regular on its face is presumed to be valid absent clear and convincing evidence presented to the contrary'") (quoting Telf Corp. v. Gomez, 671 So. 2d 818, 818 (Fla. 3d DCA 1996)); Gonzalez v. Totalbank, 472 So. 2d 861, 864 (Fla. 3d DCA 1985) (holding: "When the return of service is regular on its face, the party challenging the service has the burden of overcoming the presumption of its validity by presenting clear and convincing evidence.") See also Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) (holding: "In appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error. . . . When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory.")