# Third District Court of Appeal

## State of Florida

Opinion filed October 1, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1554
Lower Tribunal No. 18-36849-CA-01
_____

**Daniel Gonzalez,**
Appellant,

vs.

**Jorge Amor, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

Robert Flavell, P.A. and Robert Flavell (Celebration), for appellant.

Coffey Burlington, P. L., and Susan E. Raffanello; DLA Piper LLP (US) Virginia R. Callahan (Tampa); Forteza Law, PLLC, and William R. Bolinger and Gaspar Forteza, for appellees.

Before SCALES, C.J., and MILLER, and LOBREE, JJ.

PER CURIAM.

Appellant, Daniel Gonzalez, appeals from an order dismissing his civil lawsuit against appellees, Jorge Amor, Daniela Peters, Carlos Peters, Gonzalo Peters, First American Title Insurance Co., Seashore Club South Property, LLC, and PRH Seashore Club, LLC. We summarily affirm the dismissal as to the individual appellees, save the "with prejudice" designation because appellant failed to file statutorily compliant service returns within the specified time frame or otherwise avail himself of the opportunity to participate in an evidentiary hearing. See Robles-Martinez v. Diaz, Reus & Targ, LLP, 88 So. 3d 177, 179 (Fla. 3d DCA 2011) ("[A] plaintiff bears the ultimate burden of proving valid service of process[.]"); Carus v. Cove at Isles at Bayshore Homeowners Ass'n, Inc., 354 So. 3d 1111, 1114 (Fla. 3d DCA 2022) ("Failure to include the statutorily required information invalidates a return of service."); Avael v. Sechrist, 305 So. 3d 593, 596–97 (Fla. 3d DCA 2020) ("Statutes governing service of process are strictly construed, and the burden is on a plaintiff to establish that a defendant has been validly served and provided notice of the proceedings."); see also Premier Cap., LLC v. Davalle, 994 So. 2d 360, 362 (Fla. 3d DCA 2008) ("In effect, rule 1.070(j) provides the trial court with three options: '(1) direct that service be effected within a specified time; (2) dismiss the action *without prejudice*; or (3) drop [the unserved] defendant as a party.'") (emphasis added). But we are

constrained to reverse that part of the order dismissing the entities, as all collectively responded to the third amended complaint and the prior order they invoke as a jurisdictional bar contained no words of finality.

Affirmed in part; reversed in part; remanded.