HALL, Judge.
The appellant, Norberto DeArmas, Jr., challenges the trial court’s denial of his motion to set aside the default judgment entered in this case. He argues that the summons and complaint in this instance were improperly served upon his father, Norberto DeArmas, Sr., at an address where he, Norberto, Jr., did not live. For that reason, he contends he was entitled to have the default judgment set aside and to have the case heard on the merits. We agree.
A default judgment obtained in this instance when Norberto, Jr. failed to respond to the summons and complaint filed by the appellee, E & W Body Shop Supplies, Inc., once service had been duly accomplished. The record shows, however, that though Norberto, Jr. was the intended party, the summons and complaint were erroneously served on Norberto, Sr. The record further shows that at the time of service, Norberto, Jr. did not live with his father at the address where service took place and, in fact, never had. There was further no evidence that Norberto, Sr. had been in any way authorized to accept service of process for Norberto, Jr.
“There is a strong preference in the law for lawsuits to be determined on the merits; therefore, courts should liberally set aside defaults under appropriate circumstances.” Marshall Davis, Inc. v. Incapco, Inc., 558 So.2d 206 (Fla. 2d DCA 1990), and cases cited therein. For that reason, we reverse the trial court’s denial of Norberto, Jr.’s motion to set aside the default judgment and direct that the case be allowed to proceed on the merits.
Accordingly, this cause is remanded for further proceedings.
FRANK, C.J., and RYDER, J., concur.