942 So.2d 1045 (2006)
Julio Cesar CORDOVA, Appellant,
v.
Rick J. JOLCOVER, Appellee.
No. 2D06-623.
District Court of Appeal of Florida, Second District.
December 8, 2006.
Hilda Piloto and Carlos F. Gonzalez of Arnstein & Lehr LLP, Miami, for Appellant.
Esmond J. Lewis of Pavese Law Firm, Cape Coral, for Appellee.
LaROSE, Judge.
Julio Cesar Cordova appeals a trial court order denying his motion to vacate a default judgment and the subsequent amended final judgment entered against him. Mr. Cordova argues that the trial court lacked personal jurisdiction over him because he was not served with process at his usual place of abode as required by section 48.031, Florida Statutes (2004). Because Mr. Cordova presented clear and *1046 convincing evidence that he was not served properly, we reverse.

Background
In November 2004, Mr. Cordova listed a parcel of residential property for sale with Del Prado Realty, Inc. Richard J. Jolcover claims that Mr. Cordova agreed to sell him the property through the listing broker. No sale ever occurred. Mr. Cordova now contends that his alleged signature on the purchase and sale agreement was forged.
Mr. Jolcover sued Mr. Cordova for breach of contract and specific performance. The process server purported to serve Mr. Cordova with the summons and complaint on March 4, 2005, by leaving them with Mr. Cordova's estranged wife, Betty Cabinallas, at her Coral Gables home. The return of service noted that Mr. Cordova had left the United States. When Mr. Cordova did not answer the complaint, Mr. Jolcover secured a default judgment. On June 27, 2005, the trial court granted a final judgment for specific performance, attorney's fees, and costs.
Subsequently, Mr. Jolcover sought permission to deposit the purchase price into the court registry and moved for an amended final judgment transferring title to him. Before the trial court ruled on that motion, Mr. Cordova appeared, through counsel, and moved to quash service of process and to vacate the default judgment.
Mr. Cordova submitted an affidavit stating that he was a Peruvian citizen, that he customarily and regularly resided in Peru, that he had not lived with Ms. Cabinallas since 2002, and that he was not in the United States when process was left with Ms. Cabinallas. Mr. Cordova presented his Peruvian passport confirming that he lived in Peru. He also provided a certificate of residence issued by a Peruvian police department certifying his residence to be Lima, Peru.
Ms. Cabinallas also submitted an affidavit. She stated that Mr. Cordova had lived in Peru for the last three years. She also stated that the process server gave her legal papers but did not inform her of their contents. She stated that she wrote to the trial court clerk to advise that Mr. Cordova did not reside with her. In opposition to Mr. Cordova's motion, Mr. Jolcover submitted an affidavit from Mr. Cordova's realtor stating that the listing agreement identified Mr. Cordova's address as Ms. Cabinallas's home.
The trial court denied Mr. Cordova's motion to quash and to vacate. It later entered an amended final judgment for specific performance.

Analysis
Section 48.031(1)(a), Florida Statutes (2004), provides for service of process:
Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.
Because Mr. Cordova was not served personally, any substituted service must have been made at his usual place of abode. See Shurman v. Atl. Mortgage & Inv. Corp., 795 So.2d 952, 954 (Fla.2001). "Usual place of abode" means "the place where the defendant is actually living at the time of service." Id. (citing State ex rel. Merritt v. Heffernan, 142 Fla. 496, 195 So. 145, 147 (1940)). Although the listing agreement contained a Coral Gables address for Mr. Cordova, an address is not synonymous with usual place of abode. One has but one usual place of abode. Id.
*1047 The process server left the summons and complaint with Ms. Cabinallas. "`[A] process server's return of service on a defendant which is regular on its face is presumed to be valid absent clear and convincing evidence presented to the contrary.'" Thompson v. State, Dep't of Revenue, 867 So.2d 603, 605 (Fla. 1st DCA 2004) (quoting Telf Corp. v. Gomez, 671 So.2d 818 (Fla. 3d DCA 1996)); Emmer v. Brucato, 813 So.2d 264, 266 (Fla. 5th DCA 2002). On its face, the affidavit of service raised a concern as to Mr. Cordova's usual place of abode. As the process server noted, Ms. Cabinallas "stated Husband left the country." The return of service leaves doubt as to Mr. Cordova's residential status in Coral Gables at the time of the purported service of process.
Moreover, in seeking to vacate the default judgment, Mr. Cordova did more than simply deny that service of process was adequate. He submitted affidavits and other evidence replete with facts demonstrating that service was deficient. See Nat'l Safety Assocs., Inc. v. Allstate Ins. Co., 799 So.2d 316, 317 (Fla. 2d DCA 2001); Telf, 671 So.2d at 819. Accordingly, we must conclude that Mr. Cordova presented clear and convincing evidence that he was not served at his usual place of abode. See, e.g., S.H. v. Dep't of Children & Families, 837 So.2d 1117, 1118 (Fla. 4th DCA 2003); Gonzalez v. Totalbank, 472 So.2d 861, 864 n. 1 (Fla. 3d DCA 1985). The trial court should have granted Mr. Cordova's motion to quash and to vacate. Because the amended final judgment was entered without valid service of process on Mr. Cordova, it cannot stand. See Torres v. Arnco Constr. Inc., 867 So.2d 583, 587 (Fla. 5th DCA 2004).

Conclusion
We reverse the trial court's order denying Mr. Cordova's motion to quash service and vacate the default judgment, vacate the amended final judgment, and remand to the trial court for further proceedings.
Reversed, vacated, and remanded.
CASANUEVA and STRINGER, JJ., Concur.