SCHWARTZ, Senior Judge.
The plaintiff appeals from an order quashing substituted service of process secured, purportedly under section 48.031(1)(a), Florida Statutes (2006),[1] by leaving a copy of the summons and complaint at her home with a woman who was the mother of one defendant and the mother-in-law of the other. The trial court’s ruling was correct and is affirmed because an undisputed affidavit demonstrated that neither of the defendants had lived at that address for five years, and thus that it was not their “usual place of abode” as the statute requires. See State ex rel. Merritt v. Heffernan, 142 Fla. 496, 195 So. 145 (1940); Alvarez v. State Farm Mut. Auto Ins. Co., 635 So.2d 131 (Fla. 3d DCA 1994); see also DeArmas v. E & W Body Shop Supplies, Inc., 622 So.2d 72 (Fla. 2d DCA 1993); cf. Small v. Chicola, 929 So.2d 1122 (Fla. 3d DCA 2006). That the defendants actually received the complaint and summons does not affect the result. See Hovarth v. Aetna Life Ins. Co., 634 So.2d 240 (Fla. 5th DCA 1994); Moschetta v. Atl. Nat’l Bank of Broward, 540 So.2d 166 (Fla. 4th DCA 1989).
Affirmed.

. Section 48.03l(1)(a) provides:
Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents. Minors who are or have been married shall be served as provided in this section.