CASANUEVA, Judge.
Dennis B. Baker, for himself and as trustee of the Bradford Baker Revocable Trust, appeals a nonfinal order that denied his “emergency motion to quash service of process of a summons and complaint for foreclosure, vacate the default judgment, and set aside the final judgment of foreclosure.” Our jurisdiction to review this appeal is pursuant to Florida Rule of Appellate Procedure 9.130(a)(4), which permits review of nonfinal orders that determine jurisdiction of the person. Because the appellee Stearns Bank, N.A. (“the Bank”), did not sufficiently show that it perfected substituted service on Mr. Baker, we reverse.
*1124 The Facts
The Bank commenced foreclosure proceedings on Mr. Baker’s home in Venice, Florida, in October 2010. The Bank hired a professional process server to deliver the necessary documents to Mr. Baker at his home. At Mr. Baker’s home, a middle-aged gentleman spoke with the process server. But this gentleman refused to accept service. The return of service that was subsequently filed stated under the heading of “Additional Information pertaining to this Service”:
SERVER MADE CONTACT WITH MAN HERE WHO STATED THAT SUBJECT [Mr. Baker] IS IN EUROPE ON BUSINESS AND HIS RETURN DATE IS UNKNOWN. HE STATED THAT HE SPOKE TO SUBJECT OVER THE PHONE BUT THEN DENIED HAVING A PHONE NUMBER FOR HIM. THE MAN REFUSED TO PROVIDE HIS NAME, BUT STATED THAT HE IS LIVING AT THE RESIDENCE. THE MAN WAS VERY UNCOOPERATIVE. HE THEN WENT INSIDE AND CLOSED THE DOOR. HE REFUSED TO OPEN IT AND ACCEPT THE DOCUMENTS IN HAND. HE THEN STATED TO LEAVE THE DOCUMENTS OUTSIDE THE DOOR. SERVER DROPPED THE DOCUMENTS OUTSIDE THE FRONT DOOR OF THE HOME AFTER ANNOUNCING THE CONTENTS ALOUD. HIS DESCRIPTION MATCHES THAT WHICH WAS PROVIDED BY THE CLIENT [the Bank].
Mr. Baker did not answer the complaint and a clerk’s default was entered. The Bank then moved for summary judgment of foreclosure, and after hearing,[1] a uniform judgment of mortgage foreclosure was rendered on February 23, 2011, with a foreclosure sale date scheduled for the following March 30. Before the scheduled foreclosure sale, Mr. Baker filed two motions: an emergency motion to quash service of process, vacate the default, and set aside the final judgment of foreclosure, and a motion to stay the foreclosure sale. Attached to the emergency motion were two affidavits.
The first of these affidavits was from Mr. Baker. It stated that on the date of service, he was not physically present at his home because he was in Europe on a business trip. While he was away, he allowed Mr. and Mrs. Vadim Saitgareev, out-of-town parents of a friend, to stay at his home while they met with medical providers in Sarasota. He allowed no one else to occupy or reside in his home since the lawsuit began. He departed for Europe three days before the process server’s visit and returned four days after-wards. Contrary to the process server’s note on the return of service, Mr. Baker at no time talked to the process server concerning service of papers upon him related to this or any other legal proceeding. He authorized no other person to accept service of process for him in this matter. The Saitgareevs arrived at his home after he had left for Europe and had already departed when he returned from his trip. He did not speak with them by telephone *1125 while he was in Europe. He had not seen the papers that the process server claimed to have left outside his home. And he first learned that he had been served with papers in this case and that a default judgment had been entered against him when he received a message from his realtor so informing him. Attached to his affidavit were copies of pages from his passport displaying immigration stamps marking his entry and exit from Europe on the dates he claimed. Finally, he stated that at no time between these dates did he leave Europe.
The second affidavit attached to Mr. Baker’s emergency motion was from Va-dim Saitgareev. Mr. Saitgareev stated that he was born in Russia and that English is not his first language. His permanent residence is in Massachusetts and he resides at no other place. On the date of service in this matter, he was temporarily away from home as a houseguest of Mr. Baker. Mr. Baker had permitted him and his wife to use his home while he was away in Europe because they needed a place to stay for a few days while attending medical treatment in Sarasota. Mr. Baker was not present at the home at any time during their visit. Their daughter is a friend of Mr. Baker and she arranged the visit. He and his wife did not talk to him to arrange the visit, nor did they talk to him during their stay at his home. One day during his stay, a man followed their car into the driveway and approached him. But they did not understand and told the man so, saying that they did not know Mr. Baker. After this they went inside the home. A few minutes later, this man approached the front door and asked them to open the door, saying he had papers for Mr. Baker. They did not open the door but said that Mr. Baker was not at home. He told the man that he would not see Mr. Baker and that Mr. Baker was a friend of their daughter. The man kept yelling at them through the door. He told the man that he would not accept any paper for Mr. Baker because he did not expect to see him before he returned home. He did not tell the man to leave the paper outside the door.
At the evidentiary hearing on Mr. Baker’s motion to quash service of process, vacate default, and set aside the final judgment of foreclosure, the Bank submitted the return of service into evidence. Mr. Baker submitted his and Mr. Saitgareev’s affidavits and also gave testimony. Mr. Baker’s testimony was substantially the same as his affidavit. The Bank did not provide any further evidence or call any witness. The trial court denied Mr. Baker’s motion.
The Standard of Review
“It is well settled that the fundamental purpose of service is ‘to give proper notice to the defendant in the case that he is answerable to the claim of plaintiff and, therefore, to vest jurisdiction in the court entertaining the controversy.’ ” Shurman v. Atl. Mortg. & Inv. Corp., 795 So.2d 952, 953 (Fla.2001) (quoting State ex rel. Merritt v. Heffernan, 142 Fla. 496, 195 So. 145, 147 (1940)). When a trial court rules on a motion to quash service of process, we review that ruling de novo. See Hernandez v. State Farm Mut. Auto. Ins. Co., 32 So.3d 695 (Fla. 4th DCA 2010).
Analysis
Section 48.031(l)(a), Florida Statutes (2010), governs the present issue of validity of substituted service of process and must be strictly construed. Robles-Martinez v. Diaz, Reus & Targ, LLP, — So.3d -, -, 2011 WL 3586179 (Fla. 3d DCA 2011) (“Service made under the substitute service provisions of section 48.031, Florida Statutes, must be strictly complied with, and these provisions are to *1126 be strictly construed.”); see also Walton v. Walton, 181 So.2d 715, 717 (Fla. 2d DCA 1966) (“Statutes authorizing constructive service of process must be strictly construed and exactly followed in order for a [trial] court to acquire jurisdiction.”). Section 48.031(l)(a) provides:
Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents. Minors who are or have been married shall be served as provided in this section.
There is no issue whether Mr. Baker was personally served. The question then narrows to whether Mr. Saitgareev was “residing” at Mr. Baker’s home when the process server left the papers at the door. This is so because the parties do not dispute any of the remaining elements of this statute, i.e., the place at which the process server left the summons and complaint was Mr. Baker’s “usual place of abode,” Mr. Saitgareev was fifteen years of age or older, and the process server did inform the person there of the contents of the papers he left at the front door.
At the evidentiary hearing on Mr. Baker’s emergency motion to quash service of process, vacate default, and set aside the final judgment of foreclosure, the Bank had the initial burden to sustain the validity of service because it was the party invoking the jurisdiction of the court. See Bank of Am., N.A. v. Bornstein, 39 So.3d 500 (Fla. 4th DCA 2010). The Bank carried its initial burden in this case because it presented as evidence at the hearing the return of service, which Mr. Baker admits is regular on its face. “A process server’s return which is regular on its face is presumed valid absent clear and convincing evidence to the contrary.” Bennett v. Christiana Bank & Trust Co., 50 So.3d 43, 45 (Fla. 3d DCA 2010).
 The burden then shifted to Mr. Baker to make a prima facie showing by clear and convincing evidence that the substituted service was defective. This he did by submitting not only the two affidavits, which are competent evidence on such issue, see Viking Superior Corp. v. W.T. Grant Co., 212 So.2d 331 (Fla. 1st DCA 1968), but also by testifying in person. He testified that Mr. Saitgareev was staying at his home while he himself was away on business, that Mr. Saitgareev was but a temporary houseguest who did not stay more than seven days — evidenced by the fact that the Saitgareevs were not there when he left nor when he returned — and that his home was the “usual place of abode” to no one but himself. Mr. Sait-gareeVs affidavit established that his own “usual place of abode” was in Massachusetts, and he attached a photocopy of his current driver’s license to substantiate his Massachusetts address. Thus, his temporary stay in Mr. Baker’s home for a few days to receive medical treatment in Sarasota merely made him a short-term house-guest. A short-term houseguest is not a person residing in the usual place of abode of the person to be served. Couts v. Md. Cas. Co., 306 So.2d 594 (Fla. 2d DCA 1975) (holding that a stay of a few days is insufficient to qualify that visitor to receive substituted service); Gamboa v. Jones, 455 So.2d 613 (Fla. 3d DCA 1984) (holding the same for a ten-day visitor).
Having had its prima facie showing of regular substituted service rebutted, it was incumbent upon the Bank to provide competing evidence to overcome Mr. Baker’s showing of substituted service upon a mere short-term houseguest. This burden-shifting is illustrated, in the analogous context *1127 of personal jurisdiction via the long-arm statute,[2] in Hilltopper Holding Corp. v. Estate of Cutchin ex rel. Engle, 955 So.2d 598 (Fla. 2d DCA 2007). In Hilltopper, the plaintiff met its initial burden to establish personal jurisdiction over the defendants, but the defendants fully disputed, via sworn affidavits only, the jurisdictional basis alleged by the plaintiff. This shifted the burden back to the plaintiff to prove by affidavit or other sworn proof that a basis for personal jurisdiction existed. The plaintiff failed in this by offering no other sworn facts to establish personal jurisdiction over the defendants and refute their evidence that they were not subject to personal jurisdiction via the long-arm statute. Id. at 603. Accordingly, the trial court’s order finding that personal jurisdiction over the defendants had been established was reversed.
Like the plaintiff in Hilltopper, the Bank, as plaintiff, failed to refute Mr. Baker’s factual evidence that Mr. Saitgareev was not residing in his home at the time service was attempted. The Bank presented no further evidence, such as an affidavit or testimony that Mr. Saitgareev’s stay was of a longer duration so as to qualify him as a person residing at Mr. Baker’s usual place of abode. Cf. Magazine v. Bedoya, 475 So.2d 1085 (Fla. 3d DCA 1985) (holding that mother-in-law’s six-week visit qualified her as a person residing in the defendant’s usual place of abode); Sangmeister v. McElnea, 278 So.2d 675 (Fla. 3d DCA 1973) (holding that a visit of four months establishes that person as a resident who may properly accept substituted service).
Conclusion
Mr. Baker established by unrefuted clear and convincing evidence that Mr. Sa-itgareev was not residing at this home when the process server attempted substituted service. The Bank failed to refute this evidence. Therefore we must reverse the trial court’s order which was entered without personal jurisdiction over Mr. Baker and his trust.
Reversed and remanded with instructions to grant the motion to quash service of process, vacate the default, and set aside the final judgment of foreclosure.
SILBERMAN, C.J., and DAVIS, J., Concur.

. We find without merit the Bank’s argument that Mr. Baker’s counsel's filing of a "special appearance” and attendance at the summary judgment hearing without contesting jurisdiction resulted in an untimely appeal. This filing stated: "[Undersigned counsel] notifies all parties of record of its limited special appearance on behalf of Dennis B. Baker ... for the purpose of contesting service of the court’s Order to Show Cause for Entry of Final Judgment dated January 20, 2010, on [Mr.] Baker as prescribed in said order. This is not to be construed as a general appearance by undersigned counsel or by [Mr.] Baker in this action.”

. § 48.193, Fla. Stat. (2005).