SILBERMAN, Chief Judge.
Carol R. Kemmerer seeks review of the order denying her motion to quash service of process in this action for civil theft, breach of fiduciary duty, and conversion. Kemmerer argues that Klass Associates, Inc., failed to meet its burden of proving *673 that it made substitute service at her usual place of abode. We agree and reverse.
Klass Associates filed its complaint against Kemmerer in December 2011, and a summons for service of process was issued the same day. The process server’s attempts to serve Kemmerer at her Red-ington Beach, Florida, condominium were unsuccessful, and the process server filed a return of non-service that stated as follows:
BUILDING AT GIVEN ADDRESS HAS A DIFFERENT ELEVATOR FOR THE DIFFERENT UNITS. UNIT 300 HAS A CALL BOX FOR ELEVATOR 1. THE LAST NAME IS LISTED ON THE DIRECTORY. THERE HAVE BEEN NUMEROUS ATTEMPTS, NO ANSWER AT THE CALL BOX ON ANY ATTEMPT. I LEFT TWO MESSAGES, NO ONE HAS CALLED ME BACK. UNABLE TO ACCESS THE BUILDING. PER ANOTHER TENANT, THE ONLY WAY TO ACCESS THE UNIT IS IF THE SAME TENANT FROM THE UNIT GIVES U.S. A CODE TO OPEN THE DOOR NEXT TO THE CALL BOX WHICH LEADS TO AN ELEVATOR THAT GOES STRAIGHT INTO THE UNIT. UNABLE TO MAKE CONTACT WITH ANYONE AT UNIT 300.
Klass Associates thereafter sent an alias summons to a process server in Maricopa County, Arizona. That process server filed an affidavit of service of process stating, “I served the above documents on Carol R. Kemmerer on 02/04/2012 at 2:45 PM by serving her boyfriend, Bill Farnsler. Personally at her home address located at 2622 E Kings Ave Phoenix, AZ 85032.”
Kemmerer filed a motion to quash service of process asserting that her home address was the Redington Beach condominium and that substitute service in Phoenix was therefore defective. Kem-merer filed two affidavits in support of her motion. In the first affidavit, Kemmerer stated that, at the time of substitute service, she was living at the Redington Beach address. She stated that she was not living at the Phoenix address on the date of service, that she did not presently live at that address, and that her domicile was in Florida. She further asserted that her home address for the past six years was the Redington Beach address. Kem-merer attached to her affidavit copies of her Florida driver’s license, property appraiser records, and a Pinellas County property tax bill. In the second affidavit, Farnsler stated that the Phoenix address was his address, that Kemmerer was not living at the Phoenix address at the time of substitute service, and that the Phoenix address was not Kemmerer’s current address. He also denied being personally served at that address.
The question on appeal is whether the trial court erred in denying Kemmerer’s motion to quash service of process. This is a question of law that we review de novo. Baker v. Stearns Bank, N.A., 84 So.3d 1122, 1125 (Fla. 2d DCA 2012).
Section 48.031(1)(a), Florida Statutes (2011), allows for substitute service of process on a defendant by leaving copies of the appropriate documents “at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.” The element of this statute that Kemmerer contested in her motion to quash service of process was that the documents were left at “her usual place of abode.” “ ‘Usual place of abode’ means ‘the place where the defendant is actually living at the time of service.’ ” Cordova v. Jolcover, 942 So.2d 1045, 1046 (Fla. 2d DCA 2006) (quoting Shurman v. *674 Atl. Mortg. & Inv. Corp., 795 So.2d 952, 954 (Fla.2001)). “One has but one usual place of abode.” Id.
In the face of Kemmerer’s motion to quash, Klass Associates had the initial burden of establishing the validity of service as the party invoking the court’s jurisdiction. Baker, 84 So.3d at 1126. Klass Associates relied on a return of service that is undisputedly regular on its face. Therefore, it met its initial burden. See id.
At that point, the burden shifted to Kemmerer to make a prima facie showing by clear and convincing evidence that the substitute service was, in fact, invalid. See id. Kemmerer submitted two affidavits in which she and Farnsler asserted that she was not living at the Arizona address where the documents were purportedly left with Farnsler. By submitting these affidavits, Kemmerer rebutted the return of service and showed that substitute service was not made at her usual place of abode. As a result, she met her burden of proving that service was defective. See Baker, 84 So.3d at 1126; Cordova, 942 So.2d at 1047.
At that point, the burden shifted back to Klass Associates to prove that there was a proper basis for the court to exercise personal jurisdiction over Kemmerer, that is, to prove that the substitute service was valid. See Baker, 84 So.3d at 1126-27. This court has described this burden as requiring further evidence “such as an affidavit or testimony” establishing the usual place of abode. Id. at 1127. In this case, Klass Associates did not file any additional sworn proof or offer testimony at the hearing on the motion to quash.[1] This failure to offer such additional sworn facts requires reversal of the order denying the motion to quash service of process. See id.; Haueter-Herranz v. Romero, 975 So.2d 511, 518 (Fla. 2d DCA 2008); Portfolio Recovery Assocs., LLC v. Gonzalez, 951 So.2d 1037, 1038 (Fla. 3d DCA 2007).
Klass Associates argues that this court should affirm the order denying Kemmerer’s motion to quash because Kemmerer had been residing with Farnsler at the Arizona address for at least six weeks prior to the time of substitute service. Klass Associates asserts that when substitute service was made, Kemmerer was hiding in the residence and refused to come to the door. However, this argument carries no weight because nothing in the limited record provided to this court supports these assertions.
Klass Associates alternatively argues that the affidavit of service filed by the Arizona process server provides sufficient competing evidence. However, the process server’s affidavit does not contain any facts that refute the affidavit evidence submitted by Kemmerer and Farnsler that Kemmerer’s residence was in Florida, not Arizona, and that Kemmerer. was not living at the Arizona address at the time of service. The only relevant reference in the process server’s affidavit is the process server’s conclusory statement that he served Kemmerer by serving Farnsler “at her home address.” But even if the Arizona address was a location where Kem-merer would stay, in the face of her and Farnsler’s affidavits, Klass Associates had to establish that Kemmerer was actually living at the Arizona address at the time of service as her usual place of abode. See Cordova, 942 So.2d at 1046 (“[A]n address is not synonymous with usual place of abode.”).
Klass Associates’ reliance on the Third District’s decision in Robles-Martinez v. Diaz, Reus & Targ, LLP, 88 So. 3d 177 *675 (Fla. 3d DCA 2011),[2] is similarly misplaced. In Robles-Martinez, the plaintiff actually presented testimony that contradicted the defendants’ assertions in their affidavits contesting jurisdiction. Id. at 178-79. The defendant also presented evidence, and the trial court made credibility determinations regarding this competing evidence and ruled in the plaintiffs favor. Id. at 178-79,182.
Unlike the plaintiff in Robles-Martinez, Klass Associates did not submit competing evidence for the trial court to weigh. Rather, Kemmerer’s affidavit stating that her usual place of abode was in Florida was left unchallenged. Because there were no conflicts regarding the issue of Kemmerer’s usual place of abode, we reverse the trial court’s denial of Kemmerer’s motion to quash and remand for entry of an order quashing service of process.
Reversed and remanded.
WALLACE and BLACK, JJ., Concur.

. The parties have not provided to this court a transcript of the hearing on the motion to quash. However, based on the arguments contained in the briefs, it appears that no testimony or other evidence was presented at the hearing.

. We note that this court has certified conflict with Robles-Martinez on a separate, unrelated issue. See Koster v. Sullivan, 103 So.3d 882, 885-86 (Fla. 2d DCA 2012).