# Third District Court of Appeal

**State of Florida**

Opinion filed July 16, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D14-261, 3D13-2925
Lower Tribunal No. 12-41149
_____

**Brett S. Stettner,**
Appellant,

vs.

**Alan Richardson,**
Appellee.

Appeals from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Philip D. Parrish; The Tarich Law Firm and Manny M. Tarich, for appellant.

Silverberg & Weiss, Paul Silverberg and Kraig Weiss (Weston), for appellee.

Before SHEPHERD, C.J., and ROTHENBERG and EMAS, JJ.

EMAS, J.

**BACKGROUND**

In this consolidated appeal, Brett J. Stettner ("Stettner") appeals two trial court orders: (1) denying his motion to set aside clerk's default, to vacate default final judgment and to quash a writ of garnishment; and (2) denying his motion to set aside sheriff's sale. For the reasons that follow, we reverse both orders.

On May 14, 2012, Stettner filed a Petition for Injunction for Protection against Repeat Violence against Alan Richardson ("Richardson"), alleging he had been physically threatened and harassed by Richardson. In his sworn petition, Stettner averred he resided at 1800 NE 114 Street #2005, Miami, Florida (hereinafter "the Miami condo"). Although a temporary injunction was entered, the petition was ultimately dismissed. Thereafter, on October 18, 2012, Richardson filed a lawsuit against Stettner, alleging malicious prosecution, abuse of process, defamation per se, and destruction of property. In his complaint, Richardson alleged that Stettner resided outside Florida and that the court had long-arm jurisdiction over him.

When Stettner failed to file a responsive pleading in the malicious prosecution case, Richardson moved for a clerk's default, attaching a verified return of service which stated that on November 27, 2012, substitute service was effectuated on Stettner by delivering the summons and complaint to his sister, Tiffany Stettner, at the Miami condo.[1] The clerk's default was entered and

thereafter, the trial court entered a default final judgment against Stettner in the amount of $100,340.35. Richardson then proceeded with efforts to collect on his final judgment by seeking a writ of garnishment. The garnishment notice was mailed to Stettner at the Miami condo.

On June 20, 2013, Stettner filed a motion to set aside the clerk's default, to vacate the default final judgment and to quash the writ of garnishment. Stettner asserted that he is a Texas resident, that his business address is in New York, and that the Miami condo was an investment property. He also asserted that he was never served, and that his sister Tiffany resided in California at the time of the alleged substitute service and was only in Florida to visit their hospitalized grandfather. Attached to the motion were affidavits from Stettner and his sister. In his affidavit, Stettner averred that he first became aware of the Richardson lawsuit when his father checked the mail at Stettner's Miami condo and found documents related to the case. Stettner's sister, Dr. Tiffany Stettner, averred in her affidavit that at all relevant times she resided in California and was in Miami visiting her hospitalized grandfather on November 27, 2012, when an individual arrived at her brother's apartment with papers for her brother. She averred that she put the papers in a drawer to run to the hospital and forgot to tell her brother about them.

---

[1] Stettner owns this unit; the return of service indicated that Stettner's sister also resided there.

3

In response, Richardson filed the affidavit of the process server, who averred that he spoke to Tiffany Stettner, that she confirmed she resided at the service address with her brother, that the process server instructed Tiffany to give the documents to Stettner, and that she confirmed the process server's understanding that he had effectuated proper substituted service.

After a hearing, the trial court denied Stettner's motion without prejudice, but indicated "additional evidence is needed to make a full and final determination of the . . . motion," and allowed Stettner twenty days to produce supplemental documents to demonstrate Stettner's and his sister's usual place of abode from November 27, 2011 to November 27, 2012, and to prove that Stettner's grandfather was in the hospital on or about November 27, 2012.

In compliance with the court's order, Stettner filed and served several additional documents. The court reviewed the documents and ordered the parties to conduct further limited discovery. The court also granted Stettner's emergency motion to stay the sheriff's sale of his Miami condo in order to give Stettner an opportunity to conduct the limited discovery within thirty days. The order indicated that the sale would not be rescheduled for at least thirty days and in a later-filed companion order, the court ordered that if discovery had not begun by the thirtieth day, Stettner was required to file a responsive pleading.

Stettner's sister filed an additional affidavit, in which she denied telling the process server she lived at the Miami condo or that she was authorized to accept documents on her brother's behalf. She also reaffirmed that she lived in California and was only visiting Florida to see her hospitalized grandfather and that she put the papers in a drawer and forgot to tell Stettner. Stettner's sister also filed additional documents in support of her contention that she resided in California, not Florida, on the date of service, including her California drivers' license issued in May of 2011, monthly gas and electric bills (and payments thereon) reflecting utility service to her California address from February 2011 through December 2012; Los Angeles County annual property tax bills for fiscal years 2011-2012 and 2012-2013; and federal income tax returns listing her Los Angeles address. Stettner's sister also provided copies of hospital records from Aventura Hospital, indicating that her grandfather was admitted to the hospital on November 23, 2012 and discharged December 7, 2012.

Stettner also filed an additional affidavit, attaching copies of: his Texas driver's license, issued in May of 2012; a letter from a Texas utility company confirming he received gas service at his Houston, Texas address from 2000 through July 2013; his voter's registration card, valid from January 1, 2012 through December 31, 2013 and listing his Texas address; and several property

appraisals of his claimed-Texas residence, containing tax assessments and providing homestead exemptions for that property from 2010-2013.

At a subsequent hearing, where no live testimony was taken, the court considered argument by the parties and reviewed the documentation. The court also took judicial notice of Stettner's petition for injunction (filed six and one-half months before the service date at issue in this case) wherein he stated that he lived at the Miami condo address.

The court denied Stettner's motion to set aside and vacate, finding, in relevant part, that because Stettner filed a sworn pleading in an unrelated proceeding, more than six months earlier, he was judicially estopped from contending that his usual place of abode was not the Miami condo address. The order indicated that "execution shall be forthwith."

Stettner appealed the order denying his motion on November 18, 2013. During the pendency of the appeal, Stettner's condominium was sold at a sheriff's sale on January 15, 2014. Stettner filed an emergency motion to vacate the sheriff's sale, asserting he had not been given proper notice of the sheriff's sale as required by section 56.21, Florida Statutes (2009). Richardson had filed an affidavit pursuant to section 56.27, Florida Statutes, for issuance of the notice of sheriff's sale, but listed only the Miami condo as Stettner's address. The sheriff was not provided the name of, or an address for, Stettner's counsel, and Stettner's

6

counsel filed an affidavit that he and his law firm did not receive the notice of sheriff's sale. The trial court denied, without a hearing, Stettner's emergency motion to vacate the sheriff's sale. Stettner appealed this order as well.

This court consolidated the two appeals. Stettner argues that the trial court erred in denying his motion to vacate the default judgment because service on him was not proper due to the fact that Miami condo was not Stettner's usual place of abode and Stettner's sister did not reside in the Miami condo. Further, Stettner argues that the trial court should have vacated the sheriff's sale because neither Stettner nor his attorney were given notice of the sale as required by law and notions of due process.

Finding the trial court erred in denying Stettner's motion to vacate the final judgment and in denying his motion to vacate the sheriff's sale, we reverse.

## ANALYSIS

The order denying Stettner's motion to vacate the final judgment

In Castro v. Charter Club, Inc., 114 So. 3d 1055, 1059 (Fla. 3d DCA 2013), this court noted, "[i]t is axiomatic, that a judgment entered without due service of process is void," and "where a judgment is void due to defective service, the party seeking to vacate such a judgment need not show any other basis for vacating the judgment." Statutes governing substitute service of process must be strictly complied with, and such provisions are to be strictly construed. Robles-Martinez

7

v. Diaz, Reus & Targ, LLP, 88 So. 3d 177 (Fla. 3d DCA 2011). Under section 48.031(1)(a), Florida Statutes (2012), substitute service of process may be made on a defendant by leaving copies of the relevant documents "at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." The term "usual place of abode" means "the place where the defendant is actually living at the time of service," and a person can only have one "usual place of abode." Kemmerer v. Klass Assoc., Inc., 108 So. 3d 672, 673-74 (Fla. 2d DCA 2013).

Richardson had the initial burden of establishing the validity of service, which he met by relying on a return of service that was undisputedly regular on its face. Id. at 674. The burden then shifted to Stettner to "make a prima facie showing by clear and convincing evidence that the substitute service was, in fact, invalid." Id. Richardson contends, and the trial court found, that Stettner failed to present clear and convincing evidence that the substitute service was invalid.

As the statute provides, substitute service is perfected when the process server leaves copies of the documents at the defendant's usual place of abode with a person who resides therein.[2] Stettner contends not only that the Miami condo was not his usual place of abode on the date of service, but also that his sister, who accepted service on his behalf, did not reside at the Miami condo on that date. As

---

[2] The statute also requires that the person residing therein be fifteen years or older, but there is no dispute that this requirement was met.

evidence of these assertions, Stettner presented affidavits from himself and his sister, as well as other documentary evidence which showed that, on the relevant dates in question, he lived in Texas and his sister lived in California. A review of the hearing transcript reveals that the trial court initially concluded that the evidence presented by Stettner <u>was</u> sufficient (clear and convincing) to establish that Richardson did not effectuate proper substitute service on Stettner in Miami. However, upon being presented with a copy of Stettner's previously-filed petition for injunction (filed six and one-half months before service of process in the instant case), wherein he stated that he resided at the Miami condo, the court found Stettner was judicially estopped from asserting the Miami condo was not his usual place of abode, and thus concluded that Stettner failed to carry his burden to rebut the facially valid return of service.

The doctrine of judicial estoppel "is an equitable doctrine that is used to prevent litigants from taking totally inconsistent positions in separate judicial . . . proceedings." <u>Blumberg v. USAA Cas. Ins. Co.</u>, 790 So. 2d 1061, 1066 (Fla. 2001) (<u>quoting</u> <u>Smith v. Avatar Properties, Inc.</u>, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998)). Importantly, "an estoppel is not raised by conduct of one party to a suit, unless by reason thereof the other party has been so placed as to make it act in reliance upon it unjust to him to allow that first party to subsequently change his position." <u>Id.</u> (citing 21 C.J. 1228).[3] We hold the trial court erred in applying the

9

judicial estoppel doctrine to find, as a matter of law, that Stettner was prohibited from contending that his usual place of abode, at the time of service, was some place other than the Miami condo.

First, the injunction petition was filed on May 14, 2012, more than six months prior to the date Stettner's sister was served with the summons and complaint. Thus, Stettner did not necessarily take a "totally inconsistent position" by stating that his usual place of abode on November 28, 2012 was in Texas.[4] Additionally, Stettner's petition for injunction indicated only that he "resided" in Miami, and not that the Miami condo was his "usual place of abode." Florida law is clear that the terms "residence" and "usual place of abode" are not necessarily the same thing. See e.g., Robles-Martinez, 88 So. 3d at 182. Further, we note that Richardson, in his own complaint, alleged that Stettner resided outside Florida and was subject to Florida's long-arm jurisdiction.

---

[3] An exception to this general limitation on the application of judicial estoppel exists where "special fairness or policy considerations appear to compel it." Blumberg, 790 So. 2d at 1067 (quoting West v. Kawasaki Motors Mfg. Corp., 595 So. 2d 92, 94 (Fla. 3d DCA 1992). We find, however, that this exception does not apply in this case. See Zeeuw v. BFI Waste Sys. of N. Am., Inc., 997 So. 2d 1218 (Fla. 2d DCA 2008) (holding where the facts regarding the ultimate issue were always in dispute, the exception is not warranted).

[4] This is not to say that, upon the taking of testimony, the trial court cannot consider these circumstances in making the necessary assessments of witness credibility. Rather, we merely conclude that because the two positions may be reconcilable, they are not totally inconsistent positions subject to an application of judicial estoppel.

Clearly, there is a disputed issue of fact as to where Stettner's "usual place of abode" was on the date of service of process in November of 2012. There is also a dispute as to whether Stettner's sister resided in the Miami condo at that time, calling into question whether substitute service was properly effectuated upon her. Thus, because we find it was error for the trial court to apply the doctrine of judicial estoppel under these circumstances, we reverse the order denying the motion to vacate and remand for the trial court to conduct a full evidentiary hearing for the purpose of resolving these disputed issues of fact.

<u>The order denying Stettner's motion to vacate the sheriff's sale</u>

Under section 56.21, Florida Statutes (2013), notice of all execution sales must be given by advertisement in a local newspaper each week for four consecutive weeks:

> On or before the date of the first publication or posting of the notice of sale, a copy of the notice of sale <u>shall</u> be furnished by the sheriff by certified mail to the attorney of record of the judgment debtor, or to the judgment debtor at the judgment debtor's last known address if the judgment debtor does not have an attorney of record.

It is uncontested that, in the proceedings below, Stettner did have an attorney of record, Mr. Tarich, and that Tarich filed an affidavit stating that he and his law firm never received the sheriff's notice of the pending sale. Richardson offered nothing to rebut this fact, and argues on appeal only that Stettner should have known because the order denying the motion to vacate stated "let execution issue"

11

and that Stettner never proved he <u>did not</u> receive notice from the sheriff.[5] The trial court denied Stettner's motion to set aside the sheriff's sale without a hearing. This was error. <u>See</u> <u>Beltran v. Kalb</u>, 982 So. 2d 24 (Fla. 3d DCA 2008). Therefore, we reverse the order denying the motion to set aside the sheriff's sale and remand for the trial court to conduct a hearing on the issue of whether Stettner (or his attorney) properly received notice of the sale.

Reversed and remanded with directions.

---

[5]Richardson's affidavit, filed pursuant to section 56.27, Florida Statutes (2013) was signed and sworn to on December 2, 2013. By that date, Stettner had already retained counsel, and had filed his motion and affidavit in which he averred he resided in Texas (and setting forth his Texas residence address) and had never resided at the Miami condo address. Nevertheless, Richardson's affidavit listed only the Miami condo as Stettner's address, and did not include the name of Stettner's counsel or counsel's address. As a result, it appears there are disputed facts as to whether Stettner or his counsel received the requisite notice pursuant to section 56.21.