NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOEL NAVARRO and CRISTINA  )
NAVARRO,  )
   )
       Appellants,  )
   )
v.  )      Case No. 2D13-6248
   )
OCWEN LOAN SERVICING LLC,  )
   )
       Appellee.  )
_____ )

Opinion filed October 8, 2014.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Polk County; Mark
H. Hofstad, Judge.

Michael W. Udowychenko of Udowychenko
Law Firm, P.A., Kissimmee, for Appellants.

Steven C. Rubino of Aldridge Connors, LLP,
Delray Beach, for Appellee.


MORRIS, Judge.

        Joel and Christina Navarro appeal a nonfinal order denying the Navarros'

motion to quash service of process in a foreclosure action filed against them by Ocwen

Loan Servicing, LLC.  The Navarros moved to quash, claiming that Ocwen "failed to

properly complete service of process or substitute service of process."  See § 48.031,

Fla. Stat. (2012). The record indicates that the Navarros never received service of process, and Ocwen concedes on appeal that service was never effectuated on the Navarros. See Baker v. Stearns Bank, N.A., 84 So. 3d 1122, 1126 (Fla. 2d DCA 2012) (holding that "the party invoking the jurisdiction of the court" has "the initial burden to sustain the validity of service"). Accordingly, we reverse the order denying the Navarros' motion to quash and remand for further proceedings. We do not comment on whether the complaint should be dismissed under Florida Rule of Civil Procedure 1.070(j), which requires service within 120 days of the filing of the complaint, see Chaffin v. Jacobson, 793 So. 2d 102, 103-04 (Fla. 2d DCA 2001), as there is no indication that this issue was considered by the trial court.

Reversed and remanded.

ALTENBERND and CASANUEVA, JJ., Concur.