DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GEORGE LUIS TORIBIO,**
Appellant,

v.

**CITY OF WEST PALM BEACH, FLORIDA,**
Appellee.

No. 4D14-4758

[August 12, 2015]

Appeal of non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Thomas H. Barkdull, III, Judge; L.T. Case No. 2014CA006188XXXMB.

Ryan V. Kadyszewski of Ryan V. Kadyszewski, P.A., Palm Beach Gardens, and John Olea of Olea, Porcella & Coleman, P.A., Palm Beach Gardens, for appellant.

Dana Collier Herst, West Palm Beach, for appellee.

PER CURIAM.

George Luis Toribio appeals a trial court order that denied his motion to vacate a default final judgment against him in a forfeiture action. We reverse and remand because the City of West Palm Beach did not prove that substitute service of process was properly made on him.

A judgment entered based on invalid service of process is void. *Weiss v. Mashantucket Pequot Gaming Enter.*, 935 So. 2d 69, 71 (Fla. 3d DCA 2006). Section 48.031(1)(a), Florida Statutes (2013), requires that the person be served or that the process server leave "copies at [the person's] usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." The return of service form in this case indicates that service was made on Rosa Castillo, Toribio's girlfriend, at an identified address. The City demonstrated that the return of service was regular on its face, meeting its initial burden. The burden then shifted to Toribio to make a prima facie showing by clear and convincing evidence that the substitute service was invalid. *Baker v. Stearns Bank, N.A.*, 84 So. 3d 1122 (Fla. 2d DCA 2012).

After an earlier court order due to Castillo's stabbing of Toribio, he met this burden by filing affidavits in support of his motion to vacate default and final default judgment. In his affidavit, he stated that he did not reside with Castillo when service was attempted. Castillo filed an affidavit stating that Toribio was not living with her at the time of service and that she had been prohibited from having contact with him earlier by court order. A third affidavit was filed by Megan D'Angelo who averred that at the time substitute service was attempted on Castillo, Toribio was living with D'Angelo at a different address. She said he took up residence with her to recuperate from injuries after having been stabbed by Castillo.

With the prima facie showing of substituted service thereby rebutted, the City had the burden "to provide competing evidence" to overcome Toribio's demonstrations. *Id.* at 1126. The process server testified at an evidentiary hearing that Toribio told him to meet at the identified address and that he would accept service there. The process server, however, did not testify that Toribio told him that he actually lived at the address. This was contrary to the return of service where the process server averred that Toribio told him the identified address was his home. It may have been his home prior to his being stabbed and moving to recuperate at D'Angelo's residence. The City failed to meet its burden of proof that substitute service lawfully was made on Toribio. The trial court should have granted his motion to vacate the default and default final judgment. We reverse and remand for the trial court to do so and to quash service of process.

*Reversed and remanded.*

WARNER, STEVENSON and CONNER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***