# Third District Court of Appeal

## State of Florida

Opinion filed August 22, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2631
Lower Tribunal No. 10-43088
_____

**Deutsche Bank National Trust Company
as trustee for Certificateholders of
the Morgan Stanley ABS Capital 1 Inc. Trust 2003-NC1O,**
Appellant,

vs.

**Cesar Garcia Del Busto a/k/a Cesar Garcia, et al.,**
Appellees.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Holland & Knight LLP, and Katherine M. Joffe, and Brian K. Hole (Ft. Lauderdale), for appellant.

No appearance for appellees.

Before LAGOA, SCALES, and LINDSEY, JJ.

LINDSEY, J.

Deutsche Bank National Trust Company as Trustee for Certificateholders of the Morgan Stanley ABS Capital 1 Inc. Trust 2003-NC10 ("Deutsche Bank") appeals the trial court's postjudgment order vacating a final judgment of foreclosure entered against Cesar Garcia Del Busto ("Borrower"). Because there was no legal basis for vacating the final judgment, we reverse and remand for reinstatement of the final judgment of foreclosure.

On June 22, 2015, a final judgment of foreclosure (the "final judgment") was entered in favor of Deutsche Bank. More than two years later, on August 18, 2017, Borrower filed a motion to vacate the final judgment (the "motion to vacate").[1] In the motion to vacate, Borrower asserted that the parties had entered into a repayment plan wherein the terms of loan had been modified and that Borrower was in compliance with the repayment plan schedule. Although the repayment plan was not attached to the motion to vacate, Borrower claimed that the repayment plan was a mutual resolution between Borrower and Deutsche Bank and therefore the final judgment should be vacated.

After the trial court subsequently denied the motion to vacate on September 28, 2017, Borrower filed a motion for reconsideration and rehearing (the "motion for reconsideration") on October 3, 2017. The trial court granted the motion for reconsideration and set the motion to vacate to be heard on October 24, 2017. At

---

[1] Borrower did not allege a basis for relief from the final judgment under Florida Rule of Civil Procedure 1.540 in the motion to vacate or at any subsequent hearing.

2

the October 24, 2017 hearing, counsel for Deutsche Bank stated that, while the parties had entered into a stipulation in April of 2017, it was not yet a permanent payment plan and that no valid reason existed under Florida Rule of Civil Procedure 1.540 to vacate the final judgment. Although Borrower's counsel suggested to the trial court that the repayment plan was not temporary, the first sentence of the repayment plan provides that Borrower was "approved for a temporary repayment plan to assist you in making payments."

A continuation of the October 24, 2017 hearing was held on October 31, 2017, at which a witness for Deutsche Bank explained that the case had not been resolved and that the loan had not been modified.[2] Additionally, Deutsche Bank's counsel indicated that Borrower had not made all of the scheduled payments as of October 31, 2017, which was in direct violation of the repayment plan's terms and grounds for cancelation. Nonetheless, the trial court determined that the case had been settled and granted Borrower's motion to vacate on October 31, 2017. The instant appeal ensued.

"Except as provided by Rules 1.530 and 1.540, Florida Rules of Civil Procedure, the trial court has no authority to alter, modify or vacate an order or judgment." Miami-Dade County v. Second Sunrise Inv. Corp., 56 So. 3d 82, 85

---

[2] The repayment plan makes clear that the terms of the original loan were not modified. Under a paragraph entitled "Terms Not Modified," the repayment plan reads in pertinent part: "All terms and conditions of the current mortgage documents pertaining to this account remain in full force and effect . . . ."

(Fla. 3d DCA 2011) (quoting <u>Shelby Mut. Ins. Co. of Shelby, Ohio v. Pearson</u>, 236 So. 2d 1, 3 (Fla. 1970)). This Court generally reviews a trial court's ruling on a rule 1.540(b) motion for relief from judgment for abuse of discretion. <u>See</u> <u>Nationstar Mortg., LLC v. Diaz</u>, 227 So. 3d 726, 729 (Fla. 3d DCA 2017) (citation omitted).

Here, "[w]e find no part of rule 1.540 which could be applied to provide the relief granted in this case." <u>Second Sunrise Inv. Corp.</u>, 56 So. 3d at 85. (determining that the motion was untimely under rule 1.540(b)(1), (2), and (3), while provision (b)(4) was inapplicable because there was no allegation that the underlying judgment was void). As in <u>Second Sunrise Investment Corp.</u>, the motion to vacate was untimely under rule 1.540(b)(1), (2), and (3), and rule 1.540(b)(4) was inapplicable because there is no allegation that the final judgment was void. <u>Id.</u>

In regards to rule 1.540(b)(5), we further conclude that the final judgment had not been satisfied by full compliance with the repayment plan. Additionally, Borrower's failure to seek relief under rule 1.540(b), on its own, is sufficient to compel reversal of the trial court's order vacating the final judgment. <u>See</u> <u>Bank of New York Mellon v. Peterson</u>, 208 So. 3d 1218, 1222 (Fla. 2d DCA 2017) ("Here, the Estate's motion did not allege a basis for relief from the final judgment under

4

rule 1.540, nor did the Estate argue entitlement to relief under rule 1.540 at the hearing on its motion.").

While Borrower claimed in the motion to vacate and at the two hearings in October of 2017 that the final judgment should be vacated because the terms of the loan had been modified and that the parties "reached a mutual resolution" that satisfied the final judgment, the record demonstrates that the repayment plan was temporary and that Borrower had failed to make all of the required payments as of October 31, 2017. Furthermore, Deutsche Bank's witness explained to the trial court, and the language of repayment plan makes clear, that the terms of the loan were not modified.

Because Borrower failed to provide any basis under rule 1.540 upon which to vacate the final judgment, the trial court was without authority to grant the motion to vacate. Accordingly, we reverse and remand for the trial court to reinstate the final judgment.

Reversed and remanded.