# Third District Court of Appeal

## State of Florida

Opinion filed May 29, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1277
Lower Tribunal No. 17-20533
_____

**Benefit Administrative Systems, LLC,**
Appellant,

vs.

**West Kendall Baptist Hospital, Inc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Abby Cynamon, Judge.

Phelps Dunbar LLP, and Michael S. Hooker and Guy P. McConnell (Tampa), for appellant.

Isicoff Ragatz, and Matthew L. Lines and Eric D. Isicoff, for appellees.

Before EMAS, C.J., and LOGUE and HENDON, JJ.

EMAS, C.J.

## INTRODUCTION

Benefit Administrative Systems, LLC (BAS) appeals the trial court's denial of its motion to set aside a default judgment on the basis of excusable neglect. Because the trial court did not abuse its discretion, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

West Kendall Hospital and South Miami Hospital (the Hospitals) sued BAS to recover for underpaid claims in the amount of $327,114.16. The summons and complaint were served on BAS's registered agent, Corporation Service Company (CSC), "a national provider of registered agent services." When BAS did not file an answer, the Hospitals sought, and the trial court entered, a default final judgment against BAS for $327,114.16. The Hospitals maintained (and provided evidence below) that their attorney mailed a copy of the default judgment, regular mail, to BAS's Illinois headquarters on October 16, 2017—the same day the trial court entered the default judgment. BAS denied that it received the summons and complaint or the default judgment.

On February 23, 2018, the Hospitals sought to domesticate the default judgment in an Illinois court, and to freeze BAS's assets through issuance of a "Third Party to Discover Assets" to BAS's bank. BAS contends that its "receipt of these documents was the first time [] it became aware of the Hospital's lawsuit and the default judgment." These documents were mailed to BAS's corporate

2

headquarters in Illinois—the same location to which counsel had mailed a copy of the default judgment four months earlier.

On March 7 (nearly five months after the default judgment was entered), BAS filed the underlying motion to quash service and set aside judgment, alleging: (1) that it was not served; and (2) if it was served, the failure to respond was due to excusable neglect, i.e., misfiling of the served documents. During an evidentiary hearing, BAS's CEO (James Connell) testified that BAS was never served with the summons and complaint in this case. The Hospitals presented evidence that BAS was properly served (including testimony from the process server), and evidence that counsel for the Hospitals mailed the judgment to BAS's corporate office the same day default was entered.

Following the evidentiary hearing, the trial court denied the motion, finding the return of service was proper on its face and presumptively valid, and that (1) BAS "failed to offer evidence from which the Court [could] find excusable neglect"; and (2) BAS failed to act with due diligence where it filed its motion nearly five months after the Hospitals mailed (and BAS received) a copy of the default judgment. This appeal followed.

### **DISCUSSION**

Florida Rule of Civil Procedure 1.540(b)(1) authorizes a trial court to relieve a party from a final judgment on the basis of, *inter alia*, excusable neglect. A trial

court is accorded broad discretion in determining whether to grant such relief, and we review the trial court's order for an abuse of that broad discretion. <u>Tikhomirov v. Bank of New York Mellon</u>, 223 So. 3d 1112, 1116 (Fla. 3d DCA 2017). However, "in case of doubt, discretion is to be exercised in favor of vacating the default." <u>Miami-Dade Cty. v. Coral Bay Section C Homeowners Ass'n, Inc.</u>, 979 So. 2d 318, 323 (Fla. 3d DCA 2008) (quotation omitted). Because the circumstances constituting excusable neglect are not precisely defined, "the facts of each case are of singular importance in determining whether relief should be granted." <u>Id.</u> at 322. A court has discretion to set aside a default judgment if the moving party establishes: "(1) excusable neglect in failing to timely file a response; (2) a meritorious defense; and (3) due diligence in seeking relief after discovery of the default." <u>Santiago v. Mauna Loa Invs., LLC</u>, 189 So. 3d 752, 758 (Fla. 2016). Failure to satisfy any one of these elements will result in denial of the motion to vacate.[1] <u>Id.</u>

### 1. Excusable Neglect

We hold that the trial court did not abuse its discretion in denying BAS's motion. While clerical errors and "failure to follow established policy" may constitute excusable neglect, <u>Coral Bay</u>, 979 So. 2d at 324, the only position advanced by BAS and supported by evidence was its assertion that the summons

---

[1] Because BAS failed to satisfy the excusable neglect and due diligence prongs, we do not address whether BAS established a meritorious defense.

and complaint were never served upon BAS. Nevertheless, BAS's evidence was contradicted by the Hospitals' evidence, as well as the presumption of valid service arising from the return of service that was regular on its face. See Robles-Martinez v. Diaz, Reus & Targ, LLP, 88 So. 3d 177 (Fla. 3d DCA 2011). The trial court weighed the evidence, made credibility determinations, and concluded that BAS failed to show it was never served with the summons and complaint.

Alternatively, BAS sought to advance a second, inconsistent position: if the trial court concluded that the summons and complaint were served upon BAS, the "only explanation" was that the summons and complaint were misfiled, and thus the failure to respond was the result of excusable neglect. This second position was advanced based solely upon counsel's argument and without any supporting evidence for the claim that BAS in fact misfiled the summons and complaint. There is probably good reason for this failure of proof by BAS: any evidence it presented to establish that BAS misfiled the summons and complaint would presumably weaken (if not fully undermine) its primary argument that it was never served with the summons and complaint.

Given BAS's failure to present evidence to support its position that the summons and complaint were "misfiled," the trial court properly rejected this argument. Rivera v. Dep't of Revenue ex rel. Rivera, 899 So. 2d 1265 (Fla. 2d DCA 2005) (holding that excusable neglect under rule 1.540(b) cannot be

5

established without evidence to support a finding of a legal excuse for defendant's failure to comply with the rules of civil procedure). The trial court did not abuse its discretion in finding that BAS failed to establish excusable neglect.

2. Due Diligence

We likewise conclude that the trial court did not abuse its discretion in finding that BAS failed to act with due diligence upon learning of the default judgment. While BAS contended it never received a copy of the default judgment, this contention was challenged by the Hospitals' introduction of evidence that, on the day default was entered, counsel's office mailed the judgment to BAS's corporate headquarters—the same address where the Hospitals mailed the motion to domesticate and freeze BAS's assets (motions which BAS concedes it received). This evidence also included a certificate of service indicating that the Hospitals served BAS with a copy of the judgment by mail on October 16, 2017. See Fla. R. J. Admin. 2.516(f) (providing that a "certificate is taken as prima facie proof of such service in compliance with this rule"); JPMorgan Chase Bank, Nat'l Ass'n v. Bigley, 120 So. 3d 1265, 1267 (Fla. 3d DCA 2013) (holding that "the date set forth by counsel in the certificate of service 'creates a rebuttable presumption which may be overcome by competent evidence to the contrary'") (quoting Migliore v. Migliore, 717 So. 2d 1077, 1079 (Fla. 4th DCA 1998)).

6

The competing evidence introduced by the parties simply created an issue of fact for the trial court to resolve at the evidentiary hearing. Depelisi v. Wishner, 15 So. 3d 808, 811 (Fla. 4th DCA 2009). The trial court rejected BAS's evidence on this issue in favor of the Hospitals' evidence (and the accompanying presumption), and concluded that BAS did receive a copy of the default judgment near the date it was mailed by the Hospitals (October 16, 2017). Based on these factual determinations, the trial court did not abuse its discretion in concluding that BAS failed to act with due diligence in filing its motion to set aside the judgment nearly five months after the Hospitals mailed (and BAS received) a copy of the default judgment. See e.g., Techvend, Inc. v. Phoenix Network, Inc., 564 So. 2d 1145, 1146 (Fla. 3d DCA 1990) (finding a lack of due diligence where moving party did not seek relief until "more than three months after" it became aware of the default).

Affirmed.