# Third District Court of Appeal

## State of Florida

Opinion filed November 3, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1587
Lower Tribunal No. 12-16964
_____

**Rosita Jesser, et al.,**
Appellants,

vs.

**Marie Beckell,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Oscar Rodriguez-Fonts, Judge.

The Law Office of Niles B. Whitten, PLLC, and Niles B. Whitten (Gainesville), for appellants.

No appearance, for appellee.

Before EMAS, MILLER and BOKOR, JJ.

PER CURIAM.

Appellants Rosita Jesser, Lorena Attalah and Yolanda Kenny, appeal the trial court's order denying their motion, filed pursuant to Florida Rule of Civil Procedure 1.540(b), to vacate or set aside a partial summary judgment. Upon our review of the record, we conclude appellants have failed to establish that the trial court abused its discretion—much less grossly abused its discretion—in denying the motion to vacate. See Deutsche Bank Nat. Trust Co. v. Del Busto, 254 So. 3d 1050, 1052 (Fla. 3d DCA 2018) (observing: "This Court generally reviews a trial court's ruling on a rule 1.540(b) motion for relief from judgment for abuse of discretion"); Barco Holdings, LLC v. Terminal Inv. Corp., 967 So. 2d 281, 295 (Fla. 3d DCA 2007) (noting: "Our standard of review of an order ruling on a motion for relief from judgment filed under Florida Rule of Civil Procedure 1.540(b) is whether there has been an abuse of the trial court's discretion") (quotation omitted); LPP Mortg., Ltd. v. Bank of America, N.A., 826 So. 2d 462, 463-64 (Fla. 3d DCA 2002) (holding that a "trial court's ruling [on a motion for Rule 1.540 relief] should not be disturbed on appeal absent a gross abuse of discretion") (citing Schwab & Co. v. Breezy Bay, Inc., 360 So. 2d 117, 118 (Fla. 3d DCA 1978) for the proposition that "[t]he discretion reposed in the trial judge by Fla. R. Civ. P. 1.540 is of the broadest scope and in order to reverse a judge's ruling thereunder, there must be a showing of a gross abuse of discretion").

See also Benefit Admin. Sys., LLC v. W. Kendall Baptist Hosp., Inc., 274 So. 3d 480, 483 (Fla. 3d DCA 2019) (holding: "Because the circumstances constituting excusable neglect are not precisely defined, 'the facts of each case are of singular importance in determining whether relief should be granted.' A court has discretion to set aside a default judgment if the moving party establishes: '(1) excusable neglect in failing to timely file a response; (2) a meritorious defense; and (3) due diligence in seeking relief after discovery of the default.' Failure to satisfy any one of these elements will result in denial of the motion to vacate.") (quotations omitted).