# Third District Court of Appeal
## State of Florida

Opinion filed February 21, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1026
Lower Tribunal No. 22-6528 SP
_____

**Timothy Wu, et al.,**
Appellants/Cross-Appellees,

vs.

**Matias Alem, et al.,**
Appellees/Cross-Appellants.

An Appeal from the County Court for Miami-Dade County, Stephanie Silver, Judge.

Toth Funes, PA, and Brian Toth and Freddy Funes, for appellants/cross-appellees.

Edelboim Lieberman Revah PLLC, and Philippe Revah, for appellees/cross-appellants.

Before EMAS, GORDO and BOKOR, JJ.

BOKOR, J.

Timothy Wu, the plaintiff below, appeals an order vacating a default judgment in his favor. The defendant, Matias Alem, and his company, Right Move Real Estate, cross-appeal to challenge the contemporaneous denial of their motion to quash service of process. We agree with the trial court as to the lack of clear and convincing evidence that Alem and Right Move Real Estate were not properly served, and therefore affirm on the cross-appeal. However, for the reasons explained below, the trial court erred by vacating the default and default judgment under Fla. R. Civ. P. 1.540(b)(1).[1]

Wu's process server attested that he personally served Alem with two summonses at Right Move's registered address of 1110 Brickell Avenue in Miami, which is also the address of its registered agent. The record reflects that the returns of service are facially regular and compliant with section 48.21, Florida Statutes. Alem failed to respond, and the court entered a default and default final judgment. Shortly thereafter, Alem moved to vacate the default and default final judgment and to quash service, claiming as his sole argument that he was not, in fact, the person served. Alem acknowledged that his name was listed on the return of service and that the service address was the same as Right Move's registered address, but he

---

[1] We review a trial court's order on a motion for relief from judgment under Fla. R. Civ. P. 1.540 for abuse of discretion. Rinconcito Latino Cafeteria, Inc. v. Ocampos, 276 So. 3d 525, 527 (Fla. 3d DCA 2019).

claimed that he had never personally been to that address and that the returns of service contained an inaccurate physical description of him as the person served.

After an evidentiary hearing, the trial court denied the motion to quash service, specifically finding that "[t]he Court cannot say that it is left with 'a firm belief or conviction, without hesitancy,' that Mr. Alem was not served." (quoting in part Dieguez v. Fla. Dep't of Law Enf't, Crim. Just. Standards & Training Comm'n, 947 So. 2d 591, 595 (Fla. 3d DCA 2007) (discussing clear and convincing evidence standard)). However, the court granted the motion to vacate the default and default judgment on the basis of excusable neglect under Rule 1.540(b)(1). "The return of service is evidence of whether service was validly made. If the return of service is regular on its face, service of process is presumed to be valid and the burden then shifts to the party challenging service to rebut the presumption with clear and convincing evidence." Koster v. Sullivan, 103 So. 3d 882, 884 (Fla. 2d DCA 2012).

Here, the parties do not dispute that the returns of service are regular on their face, and Alem has presented no other evidence to corroborate his claim that he was not served. "[A] defendant may not impeach the validity of the summons with a simple denial of service, but must present 'clear and convincing evidence' to corroborate his denial." Telf Corp. v. Gomez, 671

3

So. 2d 818, 819 (Fla. 3d DCA 1996) (citation omitted).  Clear and convincing evidence is that "of such weight that it produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, as to the truth of the allegations sought to be established."  Dieguez, 947 So. 2d at 595 (quoting Smith v. Dep't of Health & Rehab. Servs., 522 So. 2d 956, 958 (Fla. 1st DCA 1988)).  As the trial court explained, Alem produced no such evidence.  Accordingly, the trial court correctly denied the motions to quash service.

Next, we examine the court's grant of Alem's motion to vacate the default and default final judgment under Rule 1.540(b)(1).  To set aside a default or default final judgment under Rule 1.540(b)(1), a movant must demonstrate that: "(1) the failure to file a timely responsive pleading or paper was the result of excusable neglect; (2) the defaulting party has a meritorious defense; and, (3) the defaulted party has been reasonably diligent in seeking to vacate the default after it was discovered."  205 Jacksonville, LLC v. A-Affordable Air, LLC, 16 So. 3d 974, 975 (Fla. 3d DCA 2009).  Here, where the excusable neglect claim relies solely on Alem's claim of lack of service, and nothing more, Alem would be required to provide similar proof as in the motion to vacate.  In a similar circumstance, this court explained:

> While clerical errors and "failure to follow established policy" may constitute excusable neglect, [Miami-Dade County v. Coral Bay Section C Homeowners Ass'n, Inc., 979 So. 2d 318, 324 (Fla. 3d DCA 2008)], **the only position advanced by BAS and**

4

**supported by evidence was its assertion that the summons and complaint were never served upon BAS. Nevertheless, BAS's evidence was contradicted by the Hospitals' evidence, as well as the presumption of valid service arising from the return of service that was regular on its face.** See Robles-Martinez v. Diaz, Reus & Targ, LLP, 88 So. 3d 177 (Fla. 3d DCA 2011). The trial court weighed the evidence, made credibility determinations, and concluded that BAS failed to show it was never served with the summons and complaint.

Benefit Admin. Sys., LLC v. W. Kendall Baptist Hosp., Inc., 274 So. 3d 480, 483 (Fla. 3d DCA 2019) (emphasis added). The trial court made factual and credibility determinations that do not provide support for excusable neglect (e.g., "[t]his Court entirely believes the process server," "[i]t is clear that the Defendant is connected with the address," and "at least some of Mr. Alem's testimony has been discredited, and other evidence is inconclusive at best"). Additionally, and importantly, the court found the service valid on its face, and was left with the bald, unsupported, and, according to the court's own determination, partially discredited or inconclusive, claim of non-service. This fails to provide a competent or substantial evidentiary basis to support the court's finding of excusable neglect.[2] The trial court also correctly

---

[2] It makes sense that excusable neglect based solely on lack of service would collapse into the same standard of proof as a motion to quash service. That's because what Alem is alleging isn't really "neglect" at all. "Excusable neglect" in the context of a motion to vacate lies where the failure to respond to a complaint or other similar "inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir." Somero v. Hendry Gen. Hosp., 467

5

concluded that the parties seeking to vacate the default and default final judgment failed to proffer any evidence of a meritorious defense, which should have also been fatal to the motion to vacate under Rule 1.540(b)(1).

We therefore affirm the denial of the motion to quash service of process, reverse the order vacating default and default judgment, and remand for reentry of a default and default judgment in favor of Wu.

Affirmed in part, reversed in part, and remanded.

---

So. 2d 1103, 1106 (Fla. 4th DCA 1985). In other words, the party seeking relief under Rule 1.540(b)(1) must be asserting (and admitting to) some species of benign negligence. Here, there is no such assertion and therefore no competent evidence to support such relief.